MIKE GURSKI v. THE STATE.

No. 7281. Decided January 24, 1923.

Rehearing denied March 7, 1923.

**1.—Manufacture of Intoxicating Liquor—Continuance—Want of Diligence.**

Where compliance of the law demanding diligence would have required the issuance of the subpoena at an earlier date, absence of some satisfactory reason for the failure to do so justified the court in overruling same; besides, there was no probability of securing the witness and the testimony not being of sufficient importance, there was no reversible error.

**2.—Same—Search Warrant—Evidence—Return of Officer.**

While the introduction in evidence of the search warrant, affidavit; and the return of the officer thereon was mere hearsay, but in the absence of objection all the facts contained in the documents were introduced in evidence by other witnesses, and no testimony was introduced by defendant except that he had not been previously convicted of a felony, there was no reversible error; besides, the search warrant was not necessary to render admissible the testimony of the officers. Following Welchek recently decided.

**3.—Same—Possession of Whisky—Intoxicant—Non-Expert Witness.**

Where objections were urged to the testimony of the officers that they took from defendant's possession a pint of whisky upon the ground that the search warrant did not authorize the search of defendant's person, there was no error in overruling same, nor was there any error to admit the testimony of a non-expert that he drank some of the whisky and that it was intoxicating.

**4.—Same—Evidence—Liquor Still.**

There was no error in introducing in evidence the still found at defendant's home in the smoke-house, said still being in operation running off whisky. The court instructed the jury upon circumstantial evidence; and the fact that the defendant's wife and children resided at his home where the offense was committed did not render the circumstances insufficient to identify the defendant as the offender.

**.5.—Same—Rehearing—Search Warrant—Practice on Appeal.**

Where appellant in his motion for a rehearing again claimed reversible error because of the improper admission in evidence of the search warrant, etc.; held, that the lowest punishment having been assessed there is no error irrespective of said evidence.

Appeal from the District Court of Robertson. Tried below before the Honorable W. C. Davis.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*H. A. Bush* and *F. A. Woods,* for appellant.—On question of search and seizure: Weeks v. U. S., 232 U. S., 383; Flagg v. U. S., 233 Fed., 481; Boyd v. U. S., 116 U. S., 616.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The indictment was filed on the 21st of November, 1921. The trial took place April 19, 1922.

Complaint is made of the ruling of the court in overruling the application for continuance. More than three months elapsed after the indictment and arrest before a subpoena for the witness was applied for. The only reason given for the delay is that the subpoena was applied for promptly after counsel for appellant learned the date upon which the case was set for trial, which was about four or five days before the trial. Compliance with the law demanding diligence would have required the issuance of the subpoena at an earlier date in the absence of some satisfactory reason for the failure to do so. Barrett v. State, 18 Texas Crim. App., 64; Dove v. State, 36 Texas Crim. Rep., 105; Holmes v. State, 38 Texas Crim. Rep., 370; Code of Crim. Proc., Art. 608, and notations thereof in Vernon's Texas. Crim. Stat., Vol. 2, p. 307, and 1922 Supplement, Vol. 2, p. 2446. It may be added, however, that if there had been no want of diligence, under the facts shown by the bill of exceptions, neither the probability of securing the witness by the delay nor the importance of his testimony was such as to indicate that in overruling the application for a continuance the court abused its discretion.

The officers procured a search warrant authorizing the search of appellant's premises for intoxicating liquor. When a short distance from the house, they met the appellant, who was riding in a buggy. At the request of one of the officers, the appellant turned his buggy around and went back to his home, the officer riding with him. The officer told the appellant that it was reported that he was making whisky; that he (the officer) was in possession of a warrant to search his premises. The parties proceeded to the appellant's house, and in his smoke-house there was found apparatus for making whisky, and on his premises was also found a quantity of whisky.

The State's counsel introduced in evidence the search warrant, the

affidavit therefor and the return made by the officer who made the arrest and who conducted the search. The contents of these instruments was hearsay. We find nothing in the record which rendered them inadmissible in evidence. In the state of the record, however, it is not discerned in what respect the appellant's rights could have been injured by the introduction of the evidence mentioned. The officer and his companion, without objection, testified to all of the facts which could have been learned from the documents, the introduction of which is complained of. In other words, aside from the information given the jury by the documents, the jury was made to know by the testimony of the officers that the affidavit for the search warrant had been made; that the warrant had been issued; and that upon its execution the still and the liquor were found in the possession of the appellant. No testimony was introduced on behalf of the appellant except that he had not been previously convicted of a felony. Under these conditions apparently the objectionable evidence was but a repetition of that which was legally admitted without objection. The evidence before the jury, without reference to the documents mentioned, supports the verdict. The penalty assessed was the lowest allowed by law. It is a rule of practice in this State that the erroneous admission of testimony is generally not ground for reversal where the same facts are proved by other testimony without objection. Wagner v. State, 53 Texas Crim. Rep., 307. We will add that under the ruling made in the recent case of Welchek v. State, the search warrant was not necessary to render admissible the testimony of the officers who made the arrest. Upon the arrest of the appellant, they took from his possession a pint of whisky. The possession of this whisky, under the evidence detailed by the officers, was a circumstance tending to support the theory of the State that the appellant was engaged in the manufacture of intoxicating liquor. Objection was urged to this proof upon the ground that the search warrant did not authorize the search of appellant's person. The officers making the arrest of the appellant for the offense of manufacturing intoxicating liquor had the right to take from his possession any property found thereon and hold it for proper disposition, and the law authorized its use against him in evidence, if relevant, to any issue in the case. At least, such is our understanding of the law. See Cyc. of Law & Proc., Vol. 3, p. 896; Ex parte Hurn, 13 L. R. A., 120; Renfro v. State, 42 Texas Crim. Rep., 393; Jones v. State, 85 Texas Crim. Rep., 546. There being evidence that the liquor found in the possession of the appellant and on his premises was whisky, further proof on the part of the State of its intoxicating nature was not demanded by the law. However, the testimony of a non-expert witness that he drank some of the liquor and that it was intoxicating was properly received. Black on Intoxicating Liquors, Sec. 521, p. 616; Cyc. of Law & Proc., Vol. 23, p. 266; Terry v. State, 44 Texas Crim. Rep., 411.

There was found at appellant's home in his smoke-house a still in operation, running off whisky. The still was introduced in evidence before the jury and described by the witness as capable of producing whisky. The jury was instructed upon the law of circumstantial evidence. The fact that appellant's wife and children resided at his home where the offense was committed did not render the circumstances insufficient to identify the appellant as the offender. (See Broz v. State, not yet reported.) The location and condition of the property was such as justified the jury in concluding that the parties, dwelling at the premises, were aware of the operation of the still and the manufacture of intoxicating liquor and was sufficient to exclude every reasonable hypothesis other than that the appellant was connected with the commission of the crime. If, in fact, his wife and children were also participants, this would not exculpate the appellant nor render the evidence adduced upon the trial inadequate to sustain the verdict.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### March 7, 1923.

HAWKINS, JUDGE.—Appellant insists we were in error in holding harmless the improper admission in evidence of the search warrant and affidavit therefor. In determining such an issue we must of necessity examine the entire record before us, having in mind also the penalty assessed. We have again reviewed the statement of facts, and considering that the jury assessed the lowest punishment permissible under a case made out irrespective of the evidence which was improperly admitted, we believe our conclusion that it should be held not such error as demands a reversal, to be correct.

The motion for rehearing is overruled.

*Overruled.*