### J. S. Dekle v. The State.

No. 7655. Decided January 16, 1924.

**Receiving Stolen Property—Confessions—Arrest.**

Where, upon trial of receiving stolen property, declarations of the defendant to an officer were admitted in evidence, and it appeared from the record on appeal that at the time the statement was made the appellant

knew that the officers were possessed of a search warrant and that under it they had the right to and properly would take him in custody, under these circumstances the declarations imputed to the appellant should have been excluded. Following Callaway v. State, 55 Texas Crim. Rep., 262, and other cases.

Appeal from the District Court of Falls. Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of receiving stolen property, a misdemeanor; penalty, a fine of $35.00 and ten days confinement in the County jail.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for receiving stolen property, a misdemeanor; punishment fixed at confinement in the county jail for a period of ten days and a fine of seventy-five dollars.

The store of one Shotwell was burglarized at night time and articles taken therefrom amounting to the sum of several hundred dollars.

The date of the offense is the 27th day of March, 1922. The premises of the appellant were searched under a search-warrant on the 24th day of April, and some of the stolen property was found thereon. Two or three weeks after the arrest of the appellant and his discharge on bail, two officers, under the authority of another search-warrant, went to the premises of the appellant to search for some articles, particularly some shoes which had not been found on the former occasion. The officers, in the course of their investigation, found buried on the premises a tin can which, when resurrected, was found to contain a number of pairs of shoes which were afterwards identified as the property of Shotwell. When the can was discovered, the officer who had called the appellant out of his house, said: "When I found the can and called Mr. Dekle out, you could not see all the can, but just a little on the side, I asked Mr. Dekle what he had to say about the can, and the witness answered, 'Go ahead and do your work, and I will talk when the time comes'."

The officer had made no formal arrest at the time this conversation took place. The testimony given by him touching the conversation and the conduct of the appellant was made the subject of objection upon the ground that its proof against the appellant was inhibited by Article 810, P. C., which forbids the introduction against one accused of crime of statements made by him while under arrest or in custody which are used for the purpose of inculpating him, when at the time of making such statements he is unwarned and the other conditions named in the article of the statute does not obtain.

After discovering the can and calling the appellant out and hearing the remarks imputed to him by the witness, the appellant desired to return to his house and was permitted to do so in custody of one of the officers who was present. The witness did not tell the appellant that he was under arrest at that time but he did tell him that he would have to make bond, and that he did not permit him to return to his house alone. The fact that the shoes were found in the can and some of the shoes themselves were used in evidence against the appellant, constituted part of the property which was in his possession and upon which the conviction rests. That the officers before finding the shoes had not taken the appellant in custody is not controlling in determining whether the receipt of the evidence was inhibited by statute. The impression made upon the accused is to be taken into account. At the time the statement was made the appellant knew that the officers were possessed of a search warrant and that under it they had the right to and probably would take him in custody. It is believed that, under the circumstances, the declaration imputed to the appellant should have been excluded. We think the following cases are in point: Callaway v. State, 55 Texas Crim. Rep. 262; Phillips v. State, 86 Texas Crim. Rep. 625; Clark v. State, 207 S. W. Rep. 98; Dover v. State, 81 Texas Crim. Rep. 545; Reynolds v. State, 82 Texas Crim. Rep. 443; Roberts v. State, 83 Texas Crim. Rep., 139, 201 S. W. Rep. 998. See also Article 810, C. C. P.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*