## ROY GAUNCE V. THE STATE.

### No. 8432. Decided April 30, 1924.

### 1.—Unlawful Manufacture of Intoxicating Liquor—Evidence—Confession.

The possession of a search warrant, the presence of the officers, and the declarations of the appellant are deemed sufficient to show an arrest or custody such as would preclude the receipt of the confession in the absence of a compliance with the statutes. Following: Dekle v. State, 257 S. W. Rep., 882.

### 2.—Same—Confession—Illegal Testimony—Res Gestae.

Neither is the fact that the appellant subsequently testified admitting that he was making whisky regarded as curing the error, if one was committed. However, the same may have been res gestae, and as the bill of exceptions does not negative this view, and in that particular is inadequate to overcome the presumption in favor of the court's ruling in admitting the testimony, there is no reversible error.

### 3.—Same—Husband and Wife—Evidence—Cross-Examination.

Appellant having used his wife as a witness to the point that he was using whisky under the advice of a physician, the inquiry made of her touching the quantity of the whisky used during the previous month was germane to the direct examination. Following: Willingham v. State, 94 Texas Crim. Rep., 596.

### 4.—Same—Evidence—Search Warrant—Withdrawal of Illegal Evidence.

Where, over the objection of the appellant, there was introduced in evidence a search warrant which was in the possession of the officers who made the arrest, and also the sworn application made by them to obtain it, held, that the contents of the warrant containing recitals with reference to the affidavit were necessarily hearsay. Following: Gurski v. State, 93 Texas Crim. Rep., 613, and this although the affidavit was withdrawn, and the judgment must be reversed and the cause remanded.

Appeal from the District Court of Fannin. Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary. The opinion states the case.

*N. H. Rather,* for appellant.—On question of introducing warrant in affidavit: Bryant v. State, 250 S. W. Rep., 169; Darnell v State, 126 id., 1126; Willford v. State, 37 id., 761.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The State's evidence reveals the fact that the appellant possessed and operated a distillery and had manufactured two gallons of whisky. The evidence of the appellant and his witnesses is to the effect that the whisky was made for medicinal purposes.

Appellant's wife, the mother of his five children, the oldest of whom was eleven years, testified that during the year 1921 and up to the summer of 1922, the family were all sick with malaria; that she had chills and fever and also some female troubles; that she was treated by Dr. Hammock and Dr. Scott. They prescribed quinine, fever powders and tonics, and both advised her to use whisky as a medicine. According to her testimony, the appellant was affected with chills and fever and also with lung trouble; that he spit up blood; that after receiving the advice mentioned, the witness had used whisky. They also moved from the locality in which they had contracted malaria; that from her testimony, it appears that it was used by the appellant and other members of the family for medicinal purposes.

Dr. Scott, a physician of twenty-five years' experience, testified to his acquaintance with the appellant and his family during the years 1921 and 1922, and during the latter part of the year 1921 had made professional visits to the appellant and the members of his family, but that some of these visits may have been made in January, 1922; that the appellant was suffering from malaria and was complaining of some bronchial troubles; that he was having chills every second or third day followed by fever, and also coughed; that his condition was attributed by the doctor to malaria; that he prescribed various medicines including quinine, iron and strychnine, and advised the use of whisky as medicine; that he advised its use with eggs and creosote as a remedy for bronchial trouble and as an anti-malaria treatment; that he did not write any prescriptions but advised the

]          GAUNCE v. THE STATE.                     367

use of whisky by the appellant three times a day. Two other physicians gave evidence substantially in accord with that of Dr. Scott.

Appellant testified that there was tuberculosis in his family and that several members had died from that malady; that he coughed and spit up blood; that his breast hurt him, and that he was afflicted with lung trouble; that during the years 1921 and 1922 he was also afflicted with malaria, resulting in chills and fever in addition to his lung trouble. His testimony coincided with that of the doctors and his wife with reference to the ailments and the advice given touching the use of whisky as medicine; that in July, 1922, the date of the alleged offense, he was making whisky for himself and his family; that the mash he had on hand would have completed about three gallon of whisky; that he had made about two gallons. On his cross-examination he stated that the still cost twenty dollars, and also gave the cost of the other material used as amounting to five or six dollars.

One of the officers testified that when he informed the appellant that he had a search-warrant for the search of his premises, he said: "You have caught me red handed, I am making a run now." Objection was urged against this testimony upon the ground that it was a confession and not given under the provisions of Article 810, C. C. P., requiring warning and that the confession be in writing where one is under arrest. The possession of the search-warrant, the presence of the officers, and the declaration of the appellant are deemed sufficient to show an arrest or custody such as would preclude the receipt of the confession in the absence of a compliance with the statute. See Dekle v. State, 96 Texas Crim. Rep., 330; 257 S. W. Rep., 882, and cases therein cited; also Belson v. State, No. 8192, not yet reported.

Neither is the fact that the appellant subsequently testified admitting that he was making whisky regarded as curing the error, if one was committed. Appellant's testimony that he was making whisky is given by him a color of innocence in that he insisted that he was making it for medicinal purposes and was acting under the advice of physicians because of the ill health of himself and his wife. The declaration, "You have caught me red handed, I am making a run now", introduced against him, implies a consciousness of guilt. The declaration, however, may have been res gestae. The bill does not negative this view, and in that particular is inadequate to overcome the presumption in favor of the court's ruling in admitting the testimony. Edgar v. State, 59 Texas Crim. Rep., 252; Ford v. State, 40 Texas Crim. Rep., 283; Hardin v. State, 55 Texas Crim. Rep., 635; Branch's Ann. Texas P. C., Sec. 210, subdivisions 6 and 7. Moreover, looking to the statement of facts, we understand that the declaration was made while whisky was making in the presence of the

parties. See Copeland v. State, 94 Texas Crim. Rep., 112, 249 S. W. Rep., 495; Broz v. State, 93 Texas Crim. Rep., 137.

Appellant having used his wife as a witness to the point that he was using whisky under the advice of physicians because of the sickness of himself and the other members of his family and that he had been doing so anterior to the date of the offense, the inquiry made of her touching the quantity of the whisky used during the previous months was germane to the direct examination and not violative of the statute which inhibits the use of the wife as a witness against one accused of crime. Willingham v. State, 94 Texas Crim. Rep., 596; Johnson v. State, 95 Texas Crim. Rep., 483; 255 S. W. Rep., 416.

Over the objection of the appellant, there was introduced in evidence a search-warrant which was in the possession of the officers who made the arrest; also the sworn application made by them to obtain the search-warrant. The application was afterwards withdrawn, but the search-warrant was in the main for the consideration of the jury. We perceive from the record no issue upon which the contents of the search-warrant were relevant. It was properly proved and without objection that the officers making the search were possessed of a warrant. The contents of the warrant containing recitals with reference to the affidavit were necessarily hearsay. The impropriety of receiving such evidence was asserted by this court in the case of Gurski v. State, 93 Texas Crim. Rep., 613. A reversal of the judgment, however, was not ordered for the reason that the evidence of guilt was conclusive, and the substance of the search-warrant and affidavit were in evidence without objection. In Bryant's case, 250 S. W. Rep., 169, the improper receipt in evidence of the search-warrant and affidavit was deemed, under the facts revealed by that record, of such harmful nature as to require a reversal of the judgment. In the present case, the question of guilt was very vigorously combatted, and this court is not in a position to say that the recitals of the search-warrant and the affidavit upon which it was based did not contribute to turn the scale against the appellant. He admitted making some whisky but introduced much testimony going to show that his act was not unlawful. Upon the trial, the evidence in favor of the State was the admitted fact that appellant had manufactured two gallons of whisky and was preparing to make another gallon, and the testimony of the officers, which was controverted, to the effect that when arrested he said that "he was caught red handed." There was no evidence of a sale or offer to sell any of the whisky. The evidence available to combat the defensive theory advanced by the appellant and his witnesses were the circumstances mentioned. The recitals of the search-warrant and affidavit were added to these and brought before the jury. . The affidavit to the effect that the appellant was believed to be engaged in the unlaw-

ful acts, viz., that he had possessed, sold and manufactured intoxicating liquor unlawfully, had been made in advance of his arrest upon such information as was then possessed by the affiants. That this was hearsay and not admissible upon the main issues in the case cannot be a subject of controversy. Under the facts of the present case, that it may have been harmful, seems apparent. It is true that the affidavit was withdrawn, but its substance was recited in the search warrant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*