STONY ARMSTRONG V. THE STATE.

No. 10705.   Delivered October 5, 1927.

Possessing Intoxicating Liquor—Search Warrant—Affidavit—Prerequisite to Issuance.

Where a search warrant was issued without an affidavit having been first made for same, although two officers after its issuance did make an affidavit, same was not in compliance with Art. 691, P. C., 1925. Under that statute it is imperative that an affidavit, as a predicate for the search of a private dwelling, used for that, and no other purpose, must be made before the issuance of a warrant.

Appeal from the District Court of Hamilton County. Tried below before the Hon. Joe H. Eidson, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*T. R. Mears* of Gatesville, for appellant. On insufficiency of affidavit for search warrant, appellant cites Foster v. State, 282 S. W. 600.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor is the offense, punishment fixed at confinement in the penitentiary for a period of one year.

A private dwelling occupied by the appellant and his family was searched by Lemmons, the sheriff. The dwelling was also occupied by another family. A search of the premises resulted in the discovery of a can containing several gallons of whiskey. The search was made by virtue of a warrant issued by A. P. Shockley, a Justice of the Peace, upon an affidavit signed by William Lemmons and G. C. Ferguson, bearing a jurat signed by A. P. Shockley, Justice of the Peace.

The right to search the private dwelling was challenged upon the ground that the affidavit supporting the search warrant was insufficient in that it was not made by two credible persons. Lemmons testified that he signed the affidavit and swore to it before Shockley and also testified that he supposed that Ferguson was present and that he thought Mr. Shipman, the District Attorney, was also present. Ferguson testified that he did not

swear to the affidavit before the warrant was issued and executed. No evidence was given by either Shockley or Shipman. As the record is presented, it seems conclusive and uncontradicted that Ferguson did not swear to the affidavit before the warrant was issued and executed. The statute, Art. 691, P. C., 1925, is imperative, commanding that as a predicate for the search of a private dwelling, used for that and for no other purpose, there must be a search warrant issued upon the affidavits of two credible persons. In the absence of such affidavits, the issuance of the search warrant was unauthorized and the search in the instant case was likewise unlawful. See also Arts. 4 and 4a, C. C. P., 1925. In Art. 727a, C. C. P., it is declared that evidence obtained through an illegal search is not admissible. The evidence of the result of the search was received against appropriate objections properly preserved by bills of exceptions presenting for review the rulings of the trial court. It was upon the testimony thus obtained alone that the state relied for a conviction. It is urged that there was a failure to show the ownership or possession of the liquid in the appellant. This is explained by the fact that the house was occupied by his family and by another family.

There are other questions raised, but in view of the disposition to be made, a discussion of them is deemed unnecessary. The search, as shown by the record, resulting in obtaining the testimony upon which the conviction rests, being an illegal one, the evidence obtained thereunder was improperly received. For that reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*