## J. W. DILLON V. THE STATE.

No. 11316.   Delivered January 25, 1928.

**Possessing Intoxicating Liquor—Affidavit and Search Warrant—Errone-
ously Admitted in Evidence.**

Where, on a trial for the possession of intoxicating liquor for the
purpose of sale, it was error to permit the affidavit and search warrant
to be introduced in evidence, which contained the statement that appellant
had been instrumental in selling intoxicating liquor.  No issue was raised
upon which the contents of said affidavit and search warrant were relevant,
and the statements therein contained were hearsay and harmful to
appellant.

Appeal from the District Court of Lubbock County.   Tried
below before the Hon. Homer L. Pharr, Judge.

Appeal from a conviction for the possession of intoxicating
liquor for the purpose of sale, penalty two years in the peni-
tentiary.

The opinion states the case.

*Vickers, Campbell & Schenck* of Lubbock, for appellant.   On
erroneous admission of affidavit and search warrant in evidence,
appellant cites:   Pursell v. State, 290 S. W. 1107; Dupree v.
State, 119 S. W. 301; Lippman v. State, 51 N. E. 872; Velder
v. U. S., 252 Fed. 418; White v. Wagar, 185 Ill. 195; Odenthal
v. State, 106 Tex. Crim. Rep. 1.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicat-
ing liquor for the purpose of sale, the punishment confinement
in the penitentiary for two years.

Over the objection of appellant, the affidavit and search war-
rant based thereon were introduced in evidence.   It is appel-
lant's contention that the statements in said instruments to the
effect that he had been instrumental in selling intoxicating
liquor were hearsay.   There seems to have been no issue upon
which the contents of the affidavit and search warrant were
relevant.   The statements were hearsay and, therefore, inadmis-
sible.   The question of guilt was vigorously contested by appel-
lant.   Such being the case and the statements being obviously
harmful to appellant, their improper receipt in evidence con-
stituted reversible error.   Bryant v. State, 250 S. W. 169;
Gaunce v. State, 261 S. W. 577.

For the error discussed, the judgment is reversed and the
cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.