MARSHALL BROYLES v. STATE.
No. 11191.   Delivered May 23, 1928.
Rehearing denied June 20, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* of Canton, State's Attorney for the State.

LATTIMORE, Judge.—Conviction for transporting intoxicating liquor; punishment, three years in the penitentiary.

In appellant's brief he urges that the affidavit for search warrant, as well as the warrant itself, were erroneously introduced in evidence. Twenty-six bills of exception were reserved, ten of which appear in this transcript. From same it is clear that appellant was objecting to the use of testimony as to what the officers found in appellant's car, upon search thereof, under a warrant issued upon the affidavit referred to. From bills of exception Nos. 7 and 8 we learn that the affidavit and the warrant issued on same, were introduced "for the purpose of showing that the evidence against the defendant had been legally obtained," and "as justification for the search which the officers made of the defendant's automobile which resulted in the discovery of twenty-two half gallon jars of whiskey, which the State offered in evidence against the defendant." This presents a very different state of facts from what appears in Bryant

v. State, 250 S. W. Rep. 169, and Gaunce v. State, 261 S. W. Rep. 577, which are cited by appellant in his brief. In the Bryant case we held the introduction of the affidavit for search warrant erroneous, saying in the opinion: "There is no issue discerned by us upon which the search warrant or affidavit was relevant." So, also, in the opinion in the Gaunce case, supra, we said: "We perceive from the record no issue upon which the contents of the search warrant were relevant." When evidence of the result of a search by officers is objected to, as appears from bills of exceptions No. 25 herein, on the ground that the affidavit and the warrant were insufficient in law and were null and void, the validity of said documents becomes an issue, and such affidavit and warrant of necessity are material to the determination of such issue. Such issue ordinarily is for the court and not the jury. Chorn v. State, 298 S. W. Rep. 240; Henderson v. State, 1 S. W. Rep. (2d) 300; Skiles v. State, 2 S. W. Rep. (2d) 436.

The record before us suggests no improper use of such documents in argument or otherwise, and same seem to have been introduced only for the purpose of making it appear to the trial court primarily, and to this court on appeal, that the search was or was not justifiable and the matters found, admissible. In Gurski v. State, 93 Texas Crim. Rep. 614, notwithstanding we said there appears nothing in the record which made said evidence admissible (the use of the word "inadmissible" in said opinion is a misprint), but introduction of the affidavit was held harmless, the case being fully made out by other testimony than that of the affidavit. It might not be amiss to further note that no objections were made in this case to the introduction of either the warrant or the affidavit on the ground that same was hearsay.

Objection was also made to testimony elicited from appellant while a witness that he had been convicted in the Federal court in 1920 and fined for possession of equipment and ingredients for the manufacture of alcoholic liquors. From the bill presenting this complaint it appears that the court told the jury not to consider this testimony, but unless something was before the court which does not here appear, this instruction was an error in favor of the accused. The possession of such equipment may be punishable under the Federal statute by imprisonment for two years; and an offense with an alternative punishment of confinement in the penitentiary is, under our statutes, a felony, and it was permissible to ask appellant while a witness if he had not been so convicted.

The court below fully charged on the defense interposed, viz: that appellant was transporting the liquor in question for medicinal purposes, and we regard the charge as one most favorable to appellant, and find nothing in bills of exception Nos. 21, 22 and 23 relating to the refusal of special charges and the exceptions taken to the main charge.

The statement made by appellant contemporaneous with his arrest, was but res gestae of the offense of the transportation of intoxicating liquor, and the fact that he was under arrest in nowise militated against the reception in evidence of what he said. Broz v. State, 93 Texas Crim. Rep. 137; Coburn v. State, 96 Texas Crim. Rep. 25; Plunk v. State, 101 Texas Crim. Rep. 9.

Objection to testimony as to the finding of the whisky in appellant's car, objected to on the ground that the affidavit was insufficient and the proceedings thereunder void, becomes unavailing in view of the fact that appellant himself took the stand and testified that he was transporting the quantity of whisky found by the officers, but was so transporting same for medicinal purposes. McLaughlin v. State, No. 11286, opinion February 15, 1928.

We are unable to appraise the complaint of the argument set out in bill of exceptions No. 26, because the bill is devoid of any statement of facts supporting the objections made or manifesting that such argument had any support in the testimony.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews complaint at the admission in evidence of the search warrant and the affidavit upon which it was predicated. Neither of these documents should have gone to the jury. If objection had been urged that the recitals in the affidavit and warrant were hearsay doubtless the learned trial judge would not have admitted them. Where search upon "probable cause" may legally be made in the absence of a search warrant—as of an automobile—it has been held that if it become an issue whether the *facts* existed which are claimed to constitute "probable cause" the evidence upon such issue should go to the jury and the issue be submitted for their determination, but if there be no issue as to the existence of such *facts* the question of "probable cause" is one of law to be determined by the trial judge. McPherson v. State, 300 S. W. 936. When objection is urged to evidence obtained as a re-

sult of a search made by virtue of a search warrant upon the ground that the warrant is insufficient, or that the recitals in the affidavit do not show "probable cause," or that it is otherwise defective, the question is one of law for the court to determine from his examination of the instruments in question and the hearsay statements in the affidavit and warrant should not go to the jury. Bryant v. State, 94 Tex. Cr. R. 67, 257 S. W. 129; Gaunce v. State, 99 Tex. Cr. R. 365, 261 S. W. 577; Skiles v. State, 2 S. W. (2d) 436. It does not follow, however, that in every case where the affidavit and warrant are permitted to go to the jury that a reversal should result. In the present case appellant admitted in his testimony that he was transporting twenty-two half gallon jars of whiskey. Such admission brought him within the prima facie case made by the statute. (Art. 671 P. C.) The jury rejected his explanation that he was transporting the liquor for medicinal purposes. Even if the affidavit and warrant had been admitted over proper objection that the recitals therein were "hearsay" we would hesitate before ordering a reversal under the circumstances presented in the present record.

The motion for rehearing is overruled.

*Overruled.*