RICHARD WORTH V. THE STATE.

No. 11517.   Delivered June 23, 1928.
Rehearing denied January 9, 1929.

The opinion states the case.

*Florence & Florence* of Gilmer, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—There being absent from the record a sentence, which constitutes the final judgment, we are without jurisdiction to pass on this case. Article 767, C. C. P.; Doyle v. State, 286 S. W. 214. See also collation of cases in Vernon's C. C. P., Vol. 3, P. 150.

Appeal dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

APPEAL REINSTATED.

MARTIN, JUDGE.—Offense, the unlawful possession of equipment for the manufacture of intoxicating liquor; penalty, one year.

This case was formerly dismissed because the transcript contained no sentence. Motion to reinstate same has been made, accompanied by properly certified copy of sentence, and appellant's motion is accordingly granted and the case will be considered on its merits.

Officers entered appellant's premises without a search warrant and found one ten gallon still and worm about 100 yards from appellant's residence in an orchard, a fifty gallon barrel about one-fourth full of mash about 150 yards west of his residence in an old fence row, and a fifty gallon still and worm on a little branch about three or four hundred yards south or southeast of appellant's residence.

Various bills present the question of the inadmissibility of this testimony. Appellant contends that Art. 1, Paragraph 9, of the Constitution of Texas, which guarantees security of his possessions from all unreasonable searches and seizures, and Art. 4a, C. C. P. (1925), and Art. 727a, C. C. P. (1925), were violated by the trial court in the admission of the evidence of the officers above related. There was no search of the private residence of appellant, in which case under many decisions of this Court appellant's contention would be correct. It is apparently claimed that the search was illegal because within the curtilage of appellant and this is the question presented. A like question was exhaustively discussed in the case of

Wolf v. State, 9 S. W. (2nd) 350. Many cases are therein cited and quoted from, some of which appear to be similar in their facts to the instant case. Particularly is this true of the case of State v. Zugras, 267 S. W. 804. In that case a still was found on the appellant's farm about 150 yards from a house, a path leading from such still to appellant's residence. It was therein decided that the place searched was not protected by a constitutional provision providing for immunity against unreasonable searches and seizures. A constantly changing social and commercial life make it both difficult and unsafe to formulate an exact definition of the word "curtilage." We cannot safely apply its early English meaning alike to all modern cases. The obvious intent of protection against an unreasonable search within the curtilage was to give every citizen protection in the "peaceful enjoyment of the house in which he dwells or in which he works and does business and those things connected therewith, such as gardens, outhouses and appurtenances necessary for the domestic comfort of the dwelling house or that in which the business is conducted." This is plain from the language used by Presiding Judge Morrow in the Wolf case, supra, which is quoted in part immediately above. The meaning of curtilage should not be so restricted as to operate as a failure to protect the home against officious disturbers of its peace and quietude, nor so expanded as to make a refuge for criminals. The definitions of "curtilage" are differently stated, as appear from the following:

"The enclosed space immediately surrounding a dwelling-house, contained within the same enclosure. . . . It has also been defined as 'a fence or enclosure of a small piece of land around a dwelling-house, usually including the buildings occupied in connection with the dwelling-house, the enclosure consisting either of a separate fence or partly of a fence and partly of the exterior of buildings so within this enclosure.'" Bouvier's Law Dictionary, Vol. 1 (Rawle's 3rd Edition), P. 741.

Also:

"'Curtilage' is a yard, courtyard, or piece of ground lying around or near to a dwelling-house, included within the same fence; a fence or inclosure of a small piece of land around a dwelling-house, usually including the buildings used in connection with the house, which inclosure may consist wholly of a fence or partly of a fence and partly of the exterior side of buildings so within the inclosure." Words and Phrases (2nd Series) Vol. 1, P. 1183.

Giving effect to the intent and purpose of the constitutional guarantee against an unreasonable search rather than to any technical definition of the word "curtilage," we are of the opinion that the facts of the instant case do not show an unreasonable or illegal search of any place protected by the constitution and that the evidence obtained thereby was properly received.

Some mention is made in the brief that whiskey was found in or near the yard of appellant during said search, but no such testimony appears either in the statement of facts or in any bill of exception. Nor does it appear in either that the alleged illegal search was upon land so connected with appellant's home as to make it a part of same. No attempt was made by appellant to establish such necessary connection any further than what appears above.

Appellant made application for a continuance on account of the absence of J. W. Griggs, one of the searching officers, who had been subpoenaed by the State but who was not in attendance upon court. The materiality of this testimony appears in said application to be about as follows: That the searching officers went to appellant's private residence and found about one-fourth of a quart of intoxicating liquor in appellant's yard; that the premises where the mash was found were not those of appellant but those of one Frank McConnell and that there were no tracks leading from any mash to or towards the appellant's residence, as claimed by the State and as testified to by some of its witnesses. Other matters are set out which do not seem to affect the legal question involved. It appears that this witness at the time of the trial was in Texarkana, which point is directly connected by wire and rail with the place of trial. No attachment was asked for and no excuse given for appellant's failure to do so. Neither was there an affidavit from this witness attached to appellant's motion for new trial showing that witness would testify as alleged in his motion for continuance. It appearing that witness was near enough at hand to have been available under attachment and that none such was applied for, although witness had disobeyed process and might have been attached and no excuse whatever being shown either for his non-attendance or for such lack of diligence, we thing the court's action correct. Furthermore, the trial court is vested with discretion to pass on the probable truth of the absent testimony in the light of the entire record on motion for new trial where no affidavit of the above character is attached thereto, and in this case there was clearly no abuse of such discretion. White

v. State, 90 Tex. Crim. Rep. 584; Cruz v. State, 100 Tex. Crim. Rep. 188; Tubb v. State, 5 S. W. (2nd) 150.

We do not think the Court erred in charging on principals, there being enough evidence to raise the issue that appellant and another acted together in the commission of the alleged offense. Jaggers v. State, 104 Tex. Crim. Rep. 174.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The only matter embraced in the motion for rehearing which was not fully discussed in the original opinion is that in which it is claimed that in charging on the law of principals the court committed error. The State's testimony showed the presence of equipment for the manufacture of intoxicating liquor upon the premises of the appellant. The State also introduced circumstances sufficient to connect the appellant with its possession. The appellant introduced testimony to the effect that the equipment was found at a point on the appellant's land which joined his land to that occupied by one McDonald, and also introduced testimony to the effect that McDonald had stated that he had hauled the still to the place where it was found and that he had used it in making whisky the day before it was discovered by the officers. In view of the testimony mentioned we think the complaint of the fact that the court charged the jury upon the law of principals is without merit.

The motion is overruled.

*Overruled.*