J. B. BOOTH v. THE STATE.

No. 11525. Delivered October 3, 1928.

The opinion states the case.

*Bell & Bell* of Paducah, for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

MARTIN, JUDGE.—Offense, the unlawful manufacture of intoxicating liquor; penalty, two years in the penitentiary.

Operating under a search warrant, the Sheriff of Cottle County, in March, 1927, searched certain premises and found thereon a complete still set up ready for operation in a dugout located in a canyon about 100 yards from a residence. In this dugout was also a quantity of mash, sugar, intoxicating liquor, etc. The testimony for the State tended to show that the still, equipment, etc., belonged to appellant, while that for the appellant was sufficient to support the conclusion that the entire equipment and liquor belonged to one Wilson, and that Wilson instead of appellant was the offender.

Appellant testified:

"I have a son-in-law by the name of Wilson. He was living there in that house at the time the officers came out there. His wife and baby were there also. I had sold him my teams and tools and feed and had rented him my land for twelve months, that is for the year 1927. I was to have a room there as long as I wanted it."

Gillispie testified for appellant:

"I know a man by the name of Wilson. * * * In March of 1927 he claimed that as his private dwelling, Wilson did."

As the premises searched were in the possession and control of Wilson, as seems inferable from appellant's testimony, all his complaints with reference to the legality of the search warrant and the inadmissibility of the evidence touching the result of the search pass out of the case. An accused cannot complain because of the illegal

550

search of the premises of another. Cornelius' Search and Seizure, Paragraph 12. Burnett v. State, 7 S. W. (2nd) 548.

As before stated, circumstances were introduced to show that Wilson was the offender. Wilson fled the country soon after appellant's arrest. The manufacture of the liquor in question by appellant was an inference to be drawn from other facts in evidence. No direct and unequivocal evidence of his guilty connection with the operation of the still and manufacture of intoxicants appears in the record. His alleged admissions do not cover these specific matters. Under these circumstances the Court erred, as contended by appellant, in failing and refusing to charge on circumstantial evidence. Belson v. State, 260 S. W. 197.

Both the search warrant and affidavit with all of their recitals were read in evidence before the jury. Some of these recitals under the facts of this case were highly prejudicial. Two of these in substance were that appellant was in charge and control of the premises in question and that affiants had information of a sale. This must have been understood by the jury as referring to sales of whiskey by appellant. No evidence other than this of a sale appears in the record. The question of who had control of the premises was in dispute. These recitals were ex parte statements of a clearly hearsay and prejudicial character and were inadmissible. Gaunce v. State, 261 S. W. 577.

For the two errors last above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.