VIRGIL MOORE v. THE STATE.

No. 12337. Delivered February 20, 1929.

The opinion states the case.

*Hale, Scott, Casey* and *Hall* of Marshall, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

It is stated in the recognizance that appellant "stands charged with the offense of unlawfully possessing intoxicating liquor," and that he "has been convicted of the offense of unlawfully possessing intoxicating liquor." There is no such offense known to our statute. Unless appellant possessed the intoxicating liquor for the purpose of sale, his possession thereof did not offend against the laws of Texas. Hence the recognizance is fatally defective in failing to show that appellant has been convicted of an offense. When the accused is enlarged, this court is without jurisdiction in the absence of a proper recognizance or appeal bond. Rhea v. State, 275 S. W. 1021; McFadden v. State, 300 S. W. 54; Ross v. State, 7 S. W. (2d) 578.

The appeal is dismissed. Appellant is granted fifteen days in which to perfect his appeal.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquors; penalty, one year in the penitentiary.

On February 20, 1929, this appeal was dismissed because of an imperfect record. The record has now been perfected, the appeal is reinstated and the case will be considered on its merits.

Officers operating under a search warrant found in and near the private residence of appellant a quantity of intoxicating liquor. The affidavit for search warrant purports to have been signed by J. B. Henderson and Hamp Little and sworn to before J. W. Pace, Justice of the Peace of Harrison County, Texas. Little was used by the State to prove its case and he, on cross-examination, testified:

"I think Mr. Gilstrap made this search warrant. I was in the sheriff's office when I signed it. Mr. Gilstrap carried it before the Justice of Peace. Mr. Henderson usually fills them out in the office and makes copies and we boys sign them in the office and one takes it before Judge Pace or Judge Lindsey and then we go on with 'the raid. Then Henderson, but I think it was Gilstrap, carried it before Judge Pace, I wouldn't be positive, and brought it back and Gilstrap and I went on and made the raid. I, myself, never went before Judge Pace."

After the above had been elicited on cross-examination by appellant, he made a motion to withdraw all the testimony of the searching officers touching the result of their search for the reason, among others, because one of the two affiants "did not at any time appear before any officer and there make affidavit to the matters set out in said application." This motion was overruled and appellant presents same as error by a proper bill of exception.

Art. 691 of the Penal Code mandatorily requires the signature of two credible persons to an affidavit before a warrant may issue to search a private residence. In this case only one person actually made oath, where two are required. The exact point presented by appellant seems to have been decided in his favor in the case of Armstrong v. State, 107 Tex. Crim. Rep. 553, in an opinion by Presiding Judge Morrow. See also Foster v. State, 282 S. W. 600. The Court qualifies this bill to show that Little was the only witness who testified to this and that Mr. Henderson, the other party who signed the affidavit, was present in court and not called upon to testify. The appellant made a prima facie showing of the invalidity of the search warrant and if the State desired to make an issue, it should have placed Mr. Henderson or the Justice of the Peace on the witness stand. That duty did not devolve upon the appellant.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.