BOB ALEXANDER v. THE STATE.

No. 13531. Delivered June 26, 1930.
Rehearing denied October 29, 1930.
Second motion for rehearing denied November 19, 1930.
Reported in 32 S. W. (2d) 204.

The opinion states the case.

*V. L. Shurtleff* of Breckenridge, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Officers went to appellant's house in Dublin and found paraphernalia for making intoxicating liquor, eleven pint bottles of beer, some two hundred and fifty or three hundred beer bottles, and a two gallon crock about half full of beer. The testimony was to the effect that said beer was intoxicating.

We find in the record but one bill of exceptions, which complains of the reception of the testimony of the officers because of an alleged insufficient affidavit for search warrant. The affidavit contains the positive averment that the residence to be searched was a place where intoxicating liquor was sold in violation of law. Same was signed by two witnesses, and contained a sufficient description of the property. We are constrained to hold that the bill of exception reveals no error. We deem the evidence sufficient.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—One ground of objection to the introduction in evidence of the search warrant and affidavit therefor was that the same was hearsay. We overlooked this particular objection. They were hearsay and ought not to have gone before the jury. It was sufficient that they be exhibited to the court. It was his province to determine their validity. Broyles v. State, 110 Tex. Cr. R. 77, 7 S. W. (2d) 555; McFarland v. State, 110 Tex. Cr. R. 101, 7 S. W. (2d) 955. However, it has been held that where no exculpatory evidence is offered, and the lowest penalty assessed the admission in evidence of the warrant and affidavit therefor may not call for reversal, but that the recitals in both are hearsay and if guilt is vigorously combated, or more than the minimum punishment assessed, a reversal might be called for. Gurski v. State, 93 Tex. Cr. R. 612, 248 S. W. 353; Boortz v. State, 95 Tex. Cr. R. 479, 255 S. W. 434; Gaunce v. State, 97 Tex. Cr. R. 365, 261 S. W. 577; Broyles v. State, 110 Tex. Cr. R. 77, 7 S. W. (2d) 555; Booth v. State, 110 Tex. Cr. R. 548, 9 S. W. (2d) 1032; Dillon v. State,

108 Tex. Cr. R. 642, 2 S. W. (2d) 251. In the present case there was practically no defensive evidence offered. The lowest penalty was inflicted. Under the record, we would not be justified in reversing for the error complained of.

The motion is overruled.

*Overruled.*

· HAWKINS, J., absent.

SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully examined appellant's application for leave to file second motion for rehearing, and are of opinion same presents only matters which have already been discussed by this court, and we therefore decline to grant same.

The application is denied.

*Overruled.*

HAWKINS, J., absent.