G. R. SHEFFIELD v. THE STATE.

No. 14126. Delivered April 15, 1931.

The opinion states the case.

*E. T. Yates,* of Brownsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being 18 months in the penitentiary.

Officers armed with a search warrant found in appellant's yard in a hole about twelve feet from the back door of his house three quarts of intoxicating liquor. The containers had been broken. About twenty-five yards from the rear of the house in a basket which had been covered with clothes taken from a clothes line they found an assortment of liquor, consisting of nine and a half pints of whisky, one and a half pints of Habenero, three pints of Mescal and two and one-half pints of gin. Thirty or forty yards from the residence in the horse lot they found a five gallon can of alcohol buried in the ground. Across the road from appellant's house in and near a canal were found four sacks of miscellaneous intoxicating liquor, each sack containing two or three bottles. When the officers found the liquor across the road appellant, who up to that time had remained silent, said that particular liquor was not his, but that all they had found on his place belonged to him.

Appellant did not testify and offered no defensive evidence whatever.

In the brief filed for appellant we find many propositions advanced and questions suggested which are not raised by the bills of exception. We are necessarily restricted to a consideration of points brought forward by the bills.

Bill of exception No. 3 reflects that the court would not permit counsel for appellant to ask one of the affiants who signed the affidavit

for the search warrant "if he actually swore to it before the justice of the peace, or if he merely signed it and the justice of the peace then put his jurat on it." We assume that by the question appellant was attempting to bring himself within the principle announced in Armstrong v. State, 107 Texas Crim. Rep., 553, 298 S. W., 604; Moore v. State, 112 Texas Crim. Rep., 142, 15 S. W. (2d) 617; Puga v. State, 112 Texas Crim. Rep., 431, 17 S. W. (2d) 55. Unfortunately, the bill omits any information as to what answer was expected from the witness. In this respect it is fatally defective. See authorities collated in Branch's Ann. Tex. P. C., sec. 212, p. 136, and under note 1, article 667, Vernon's Tex. C. C. P., vol. 2.

Bill No. 4 recites that the state introduced a sack of liquor found in an uninclosed place some forty yards from appellant's house, over objection that such liquor was not covered by the search warrant nor proved to be appellant's. This liquor was found across a road in and near a canal at a point thirty-five or forty yards from appellant's house. No other person lived near there except appellant. His nearest neighbor was several hundred yards from the point where the liquor was found. The fact that appellant at the time it was found disclaimed ownership of it would not make its introduction erroneous. It was found so near appellant's house that under all the circumstances of the case it raised a reasonable inference that it belonged to him. Beside, no objection seems to have been urged to evidence of the fact that the liquor was found, but only against the introduction of the liquor itself. Unless we misapprehend the facts, the location of this particular liquor was such that the officers needed no search warrant to make the search for and seizure of it lawful. Wolf v. State, 110 Texas Crim. Rep., 124, 9 S. W. (2d) 350; Greenwood v. State, 110 Texas Crim. Rep., 478, 9 S. W. (2d) 352; Worth v. State, 111 Texas Crim. Rep., 288, 12 S. W. (2d) 582. This discussion also disposes of bill of exception No. 6.

When the officers found the liquor in or near the canal across the road from appellant's house he made the statement that it was not his, but that all the other liquor which had been found belonged to him. Proof of his statement was objected to on the ground that he was in custody of the officers. This is stated as a ground of objection only. It is not certified in the bill that he was in custody. From an examination of the statement of facts we doubt if he was arrested until after he had made the statement mentioned. Even if he was in custody the statement appears admissible as res gestae.

No objection appears to have been urged to any evidence secured as a result of the search based upon the claimed defect in the search warrant or affidavit upon which it was predicated. Bills one and two reserve exception to the admission in evidence of the affidavit and warrant themselves. We have frequently held that where the sufficiency of the affidavit

and warrant is questioned to admit evidence secured by a search thereunder they should ordinarily be exhibited to the judge in order that he may rule intelligently regarding the matter, and that statements and recitals contained in the affidavit or warrant are hearsay and should not be given to the jury. Gurski v. State, 93 Texas Crim. Rep., 612, 248 S. W., 353; Boortz v. State, 95 Texas Crim. Rep., 479, 255 S. W., 434; Gaunce v. State, 97 Texas Crim. Rep., 365, 261 S. W., 577; Broyles v. State, 110 Texas Crim. Rep., 77, 7 S. W. (2d) 555; McFarland v. State, 110 Texas Crim. Rep., 101, 7 S. W. (2d) 955; Booth v. State, 110 Texas Crim. Rep., 548, 9 S. W. (2d) 1032; Dillon v. State, 108 Texas Crim. Rep., 642, 2 S. W. (2d) 251.

Objections were urged to the introduction of the affidavit and warrant upon many grounds, but it does not appear necessary to discuss them. If the affidavit and warrant were defective it would not avail appellant to have objected to their admission save as the recitals therein might have been hearsay, and prejudicial to appellant. No objection was urged to either the affidavit or warrant upon this ground.

The punishment assessed against appellant was confinement in the penitentiary for eighteen months. In pronouncing sentence the court inadvertently failed to give effect to the indeterminate sentence law and directed that he be incarcerated in the penitentiary for the full term of the verdict. The sentence is reformed to direct his confinement in the penitentiary for not less than one year nor more than eighteen months.

As thus reformed, the judgment will be affirmed.

*Reformed and affirmed.*