## A. J. BELL v. THE STATE.

No. 15085. Delivered April 6, 1932.
Rehearing Denied May 4, 1932.

The opinion states the case.

*R. C. Winters,* of Abilene, and *York & Rogers,* of Austin, for appel-lant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the peni-tentiary for one year.

Peace officers searched appellant's residence and found therein two and one-half gallons of whisky and a number of bottles of "home brew". Appellant did not take the witness stand, but introduced his wife, who testified that the whisky and "home brew" belonged to her, and that she was using it upon advice of a physician as a medicine. A physician testified that appellant's wife was in bad health and that he had advised her to use whisky. He said: "Yes, all I remember prescribing for either the defendant or his wife is that I prescribed whisky for Mrs. Bell. That is my recollection." He said further: "I don't remember prescribing any given quantity of whisky for Mrs. Bell at a time. * * * I call a good drink about two tablespoonfuls."

We are unable to say that the jury were not warranted in returning a verdict of guilty.

The only bill of exception in the record presents the following occurrence: Appellant's wife testified that the whisky and "home brew" found by the officers was kept by her for medicinal purposes; that she bought it in large quantities because it was cheaper to buy it that way; that she had had the whisky there three or four days at the time the officers discovered it; that she had never sold any intoxicating liquor and that her husband had never sold any within her knowledge. Appellant's counsel had not interrogated the witness concerning anything she had said to the officers on the occasion of the raid. Upon cross-examination, the state asked appellant's wife if she did not state to one of the officers while the search was being made that she had the beer there for her health, but that there was no whisky on the place. Appellant objected to the question on the ground that the statement would not be binding upon him. After the district attorney stated that he was laying a predicate to impeach the witness, the court overruled the objection. The witness answered that she had not told the officers that there was no whisky on the place. Thereafter, the arresting officer was brought to the witness stand and permitted to testify that appellant's wife told him that the beer found on the place had been prescribed by the doctor. Further, he testified that she stated to him that there was no whisky in the house.

Appellant having used his wife as a witness to the point that she was using the whisky and "home brew" under the advice of a physician because of sickness, the inquiry made of her touching the statement she made to the officers at the time of the search to the effect that there was no whisky on the place was germane to the direct-examination, and not violative of article 714, C. C. P., which inhibits the use of a wife as a witness against her husband. Gaunce v. State, 97 Texas Crim. Rep., 365, 261 S. W., 577. Again, appellant having called his wife as a witness, it was the privilege of the state to impeach her, and for this purpose the testimony of the officer that she stated to him that there was no whisky on the place was admissible. Gutierrez v. State, 96 Texas Crim. Rep., 327, 257 S. W.,

889. Her declaration to the officer contradicted her testimony given on the trial. In his Annotated Penal Code, sec. 153, Mr. Branch states the rule as follows: "The wife of the defendant may be impeached by proof of contradictory statements as to material matters inquired about on her examination in chief."

Among the cases cited in support of the rule are Crews v. State, 34 Texas Crim. Rep., 533, 31 S. W., 373, and Smith v. State (Texas Crim. App.), 44 S. W., 520.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.