JOHN D. MAXWELL v. THE STATE.

No. 15081. Delivered April 13, 1932.
Rehearing Granted June 8, 1932.
Reported in 51 S. W. (2d) 334.

The opinion states the case.

*John D. McComb,* of Jacksboro, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE. — The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for three years.

The sheriff of Jack county and one of his deputies waited on the highway for appellant to approach. Finally appellant drove by the parties in his automobile. As he passed them they followed him. With the officers driving a short distance behind his car, appellant drove two and one-half miles to a filling station. As he drove his car into the filling station, the officers were about thirty feet behind him. Just as appellant stopped his car, the officers drove up beside him. As the officers stopped by his car, appellant seized a half-gallon jar of whisky and threw it out, the jar breaking. He picked up another jar out of the car and handed it to his daughter who came running up to the car from the filling station. Appellant said to her: "Break this." One of the officers pursued her. She ran about thirty feet and broke the jar, saying to the officer: "Mr. Morgan you are not as smart as you thought you were." A search

of appellant's car disclosed a half-gallon of whisky. Prior to making the search the sheriff had received information that appellant was coming to the filling station with two gallons of whisky. Appellant offered no testimony.

The officers were not armed with a search warrant. At the time the car was searched it was on the premises of appellant's daughter. Appellant lived at another place. Appellant objected to the testimony of the officers touching the result of the search on the ground that the search was made without a warrant, and that the automobile was on private premises at the time. The objections were properly overruled. The officers had been informed that appellant was coming to the filling station with some whisky. Following him, they saw him throw a jar of whisky from the car and hand a second jar to his daughter, telling her to break it. The facts and circumstances in possession of the officers were sufficiently strong in themselves to warrant a cautious man in the belief that appellant was transporting intoxicating liquor in his automobile. Hence there was a "probable cause" authorizing the search without a warrant. Landa v. Obert, 45 Texas, 539; Weaver v. State, 117 Texas Crim. Rep., 335, 38 S. W. (2d) 85, and authorities cited. Appellant was in no manner interested in the premises, and, therefore, was in no position to complain because the officers drove their car thereon. Whittington v. State, 118 Texas Crim. Rep., 362, 38 S. W. (2d) 814, and authorities cited.

Bills of exception Nos. 1 and 2 relate to the action of the court in permitting the officers to testify that they had been informed that appellant was coming in with two gallons of whisky. In an instance in which the facts upon which reliance is had to establish probable cause are uncontroverted, their sufficiency is a question of law for the court; and under such circumstances a request of the accused on trial that the jury be retired while the subject of probable cause was investigated should be respected, and a refusal to do so might under some circumstances result in a reversal. McNeal v. State, 112 Texas Crim. Rep., 533, 17 S. W. (2d) 1050; Weddle v. State, 112 Texas Crim. Rep., 250, 16 S. W. (2d) 244. Where it becomes an issue as to whether the facts claimed to constitute probable cause existed, the evidence should go to the jury, and the issue be submitted for their determination. McPherson v. State, 108 Texas Crim. Rep., 265, 300 S. W., 936; Weddle v. State, supra; Glenniwinkel v. State, 114 Texas Crim. Rep., 188, 21 S. W. (2d) 514. The bills of exception merely show that the testimony was given and that appellant objected on the ground that the officer's testimony concerning the information he had received was hearsay. It is not shown in the bills that there was no issue as to whether the facts claimed to constitute probable cause existed; nor is it shown that appellant requested the court to retire the jury when this evidence was heard. Hence the

bills are insufficient. Glenniwinkel v. state, supra. If the bills of exception were sufficient, the opinion is expressed that the reception of the testimony did not warrant a reversal. Although hearsay, and improperly introduced before the jury in the event there was no issue as to the existence of the facts constituting probable cause, we are unable to see how, under the facts, appellant could have been prejudiced. That appellant transported whisky was uncontroverted. Proof of the fact alone that the officers had been advised that he was going to transport whisky could not, in our opinion, have enhanced the punishment. The testimony in question carried no implication that appellant was a bootlegger or was generally engaged in the illicit traffic in intoxicating liquor. It was confined to the transaction in question and not reasonably susceptible of the construction that there were other transgressions on the part of appellant. As heretofore stated, such testimony added nothing to the proof properly before the jury touching appellant's guilt. The rule is well established that a reversal will not follow for error in the admission of evidence which did not injure the appellant. 4 Texas Jurisprudence, page 586; Salinas v. State, 113 Texas Crim. Rep., 142, 18 S. W. (2d) 663.

The court instructed the jury that whisky is intoxicating. Appellant objected to the charge. The uncontroverted evidence showed that the liquor was whisky. The officers testified that they smelled it and tasted it, and stated positively that it was whisky. The charge was proper. Courts judicially know that whisky is intoxicating. Proctor v. State, 114 Texas Crim. Rep., 383, 25 S. W. (2d) 350.

Bill of exception No. 9 presents the following occurrence: The sheriff and his deputy testified, over appellant's objection, that they had received information that appellant was coming in with two gallons of whisky. While private prosecutor was closing the argument for the state, he said, in substance, that the sheriff had received information that appellant was coming in with two gallons of whisky, and that after the search the officers found two gallons of whisky, and that that was evidence that appellant had transported whisky. Appellant objected to that part of the argument relating to the information the sheriff had received on the ground that the testimony was hearsay and not competent upon the issue of guilt or innocence. If the argument was improper, we are unable to perceive how it could have injured appellant. As heretofore stated, his guilt was made plain by uncontroverted evidence on the part of the state. The reference by counsel to the information received by the officers could not, in our opinion, have brought about appellant's conviction. Omitting the testimony objected to and the argument of private prosecutor based thereon, it is not conceivable that the jury could have acquitted appellant. To have done so would have been to reject the uncontroverted evidence

of the officers that appellant had transported the liquor. The argument was not calculated in any manner to enhance the penalty.

Other argument of the counsel was objected to. An examination of the bills of exception relating to such argument convinces us that error is not shown.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In establishing the existence of probable cause for the search of a vehicle without a warrant, testimony which would be classified as hearsay becomes available to the state. Such testimony is not usable, however, against the accused to establish his guilt, and ordinarily should not be received in the presence of the jury, but should be introduced before the judge to enable him to determine whether there is sufficient predicate for the search without a warrant. Non-observance of the rule of practice stated, especially when opposed by prompt and adequate objection, as it appears was done in the present instance, will bring about a reversal of the judgment if it appears that by reason of the error in receiving the testimony before the jury the rights of the accused have been prejudiced. Some of the precedents are cited in the recent case of White v. State, 119 Texas Crim. Rep., 338, 45 S. W. (2d) 225; Booth v. State, 110 Texas Crim. Rep., 548, 9 S. W. (2d) 1032; Dillon v. State, 108 Texas Crim. Rep., 642, 2 S. W. (2d) 251.

In the present instance, the state introduced in evidence from one of the officers who made the arrest the following:

"I had information the defendant, Mr. John D. Maxwell, was coming in with a couple of gallons of whisky. I stopped the car I was in at the time. I was on the highway and when I stopped the car it was facing southeast. Guy S. Morgan, the Sheriff of Jack County, Texas, was with me at the time. We were in a Chevrolet coupe car. Guy S. Morgan was Sheriff of this County at that time and is Sheriff now.

"While we were stopped there, John D. Maxwell passed us, and Lon Sharp was with him in a car. They were in a 1926 model Ford Roadster car at the time. I recognized the car they were in as being that of John D. Maxwell. Mr. Maxwell was driving the car."

In his closing argument, counsel for the state made the following remarks: "That the Sheriff had been told or received information that the defendant was coming in with two gallons of whisky that day and

that after the search the officers found two gallons of whisky and that was evidence that defendant had transported said whisky."

Objection to the argument was promptly made, and the request of the court to disregard it was refused, all of which was properly preserved and shown by bill No. 9. As it appears from the bill and from the record, the prosecution was for transporting intoxicating liquor. Before his arrest and before any liquor was discovered, the appellant reached his filling station, which seems to have been under the control of his daughter.

The court submitted to the jury the question of guilt upon the law of circumstantial evidence. The verdict assessed against the appellant a penalty of confinement in the penitentiary for a period of three years. In view of the penalty assessed, which is two years above the minimum, and the absence of matters of aggravation proved upon the trial by legitimate testimony, it cannot be said that the action of the court in receiving the hearsay testimony mentioned and permitting its use in argument before the jury was not prejudicial.

For the reasons stated, the motion for rehearing is granted, the order of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*