## JOE RHODEN V. THE STATE.

No. 9638.   Delivered December 9, 1925.

**Transporting Intoxicating Liquor—Charge of Court—Defensive Issues Must be Submitted.**

Where on a trial for transporting intoxicating liquor appellant's defense being that the car, and liquor found in it, did not belong to him, but that he was merely riding in the car, as the guest of Mr. Tatom, the owner, with no knowledge that there was any whiskey in the car.   This defensive issue should have been affirmatively submitted in the court's charge, and the failure to submit same, and the refusal by the court of a requested charge embracing the matter, requires a reversal of the conviction.   See Newton v. State, 98 Tex. Crim. Rep. 582, 267 S. W. 272; Reid v. State, 271 S. W. 625.

Appeal from the District Court of Houston County.   Tried below before the Hon. Ben F. Dent, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Adams & Adams,* of Crockett, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor with punishment fixed at one year in the penitentiary.

The sheriff testified that he searched a car at the wheel of which Ike Tatom was sitting, and found in Tatom's pocket a pint bottle of whiskey, and another bottle lying at Mr. Tatom's feet.   They were what is called "Force" bottles.   The one in

Tatom's pocket was only about half full. Appellant was some distance from the car in which Tatom was found, talking to some parties in another car. The state appears to have relied largely upon the testimony of Willie Toller who testified that he went with Tatom, Marshall and appellant to the latter's place; that appellant brought a jug of whiskey and placed it in Tatom's car and also placed a bottle of whiskey in the car from which they all drank. This witness admits that he was under the influence of liquor when they left town, and other evidence indicates he was not in a condition to give a very coherent account of what did happen. No jug was found in the car by the officers. Appellant's evidence raised a defensive issue as follows: He testified that while in town Tatom said he was going to show Mr. Marshall his (Tatom's) place, and invited appellant to go with them; that they had trouble with the car and could not get up a hill; that appellant suggested they go around by his house; that when they got to appellant's house Tatom went to look at a cow and that appellant got some water and put in the car; that they only remained there a few minutes. He denies placing a jug containing whiskey or anything else in the car while at his house. He says that after they left his (appellant's) house they went on to Tatom's; that Tatom showed Marshall the land, and that as they were leaving the field they found two bottles which were marked "Force"; that Tatom said: "Boys, let's don't touch this and take it up and see if Harvey put it here." He says they took the two bottles and placed them in the car. Appellant denies having any knowledge of what was in the bottles at the time, and claims to have had no control or management of the car whatever, but was only a guest riding therein at the invitation of Tatom. He denies that any drinks were taken out of the bottles either before or after they were placed in the car.

Under this state of facts the court gave the jury no defensive charge whatever. In order to supply such omission appellant requested a special charge to the effect that if he put no whiskey in the car he could not be found guilty even though whiskey was found in the car and appellant was found riding therein unless he was in some way controlling or assisting in controlling the car. This special charge was refused. This or some similar charge presenting appellant's defense should have been given. Although he may have carried one of the bottles which he claims was found in Tatom's field and placed it in the car, if he did not know it contained whiskey at the time, and he was only the guest of Tatom, riding at

his invitation and had no control or management of the car or whiskey he would not be guilty of the offense of transporting intoxicating liquor. See Newton v. State, 98 Tex. Cr. R. 582, 267 S. W. 272; Reid v. State, 271 S. W. 625.

In view of another trial we think it not inappropriate to suggest that to our minds the facts call for a charge upon principals together with defensive charges thereunder suggested by appellant's testimony. This is illustrated in Newton v. State, (supra).

The judgment is reversed and the cause remanded.

*Reversed and remanded.*