### D. C. MOODY V. THE STATE.

No. 10500. Delivered October 13, 1926.

Rehearing denied January 26, 1927.

#### 1.—Robbery—No Statement of Facts—Practice on Appeal.

Where a record comes before this court without a statement of facts, we are unable to appraise bills of exceptions which bear upon the ruling of the court below in receiving certain evidence, and the applicability of certain requested charges which were refused. The same may be said of the complaint made of the argument of counsel.

#### ON REHEARING.

#### 2.—Same—Principal Offender—Requested Charge—Properly Refused.

The clerk of the trial court, having forwarded the statement of facts, same is now considered. Where the evidence disclosed that appellant was present, keeping watch, aided in securing the safety of his confederates, and from his actions in concert with them, before, at the time of, and subsequent to the unlawful act, an agreement to do so may be inferred, this sufficiently established him to be a principal offender, and being so shown by direct evidence, a charge on circumstantial evidence was not required, on the issue of intent. See Rowan v. State, 97 Tex. Crim. Rep. 130, and other cases cited.

**3.—Same—Bill of Exceptions—Incomplete—No Error Presented.**

Where a bill of exception is in question and answer form, and is lacking in a statement of the surrounding facts, such as would enable the court to determine that the ruling complained of was harmful, no error is presented in such bill.

**4.—Same—Bill of Exception—Qualification of Court—No Error Presented.**

Where appellant complains in a bill of exception of the argument of counsel, and his bill is qualified by the trial court with the statement that the argument complained of was an appropriate reply to the remarks of the appellant's counsel, in which he went out of the record, this qualification destroys any merit in the bill.

Appeal from the Criminal District Court of Dallas County. Tried before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction of robbery, penalty fifteen years in the penitentiary.

The opinion states the case.

*Baskett & De Lee* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is robbery, punishment fixed at confinement in the penitentiary for a period of fifteen years.

No statement of facts accompanies the record. We find several bills of exceptions which bear upon the rulings of the court in receiving certain evidence. The relation of the matters to which the bills advert cannot be ascertained from the bills nor appraised in the absence of a statement of the facts.

There is complaint of certain special charges, the applicability of which we are unable to determine in the absence of the facts which were before the court at the time the charges were given to the jury. The same may be said of the complaint made of the argument of the prosecuting attorney.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Since the affirmance of the case the statement of facts has been filed, the clerk of the trial court having previously neglected to send it to this court.

The evidence shows without controversy that Revier and Wages, using firearms, committed the robbery of persons in

charge of a Piggly Wiggly store. In the appellant's confession and in his testimony he admitted that Revier and Wages were his companions; that they went together in an automobile to a point near the Piggly Wiggly store, which was robbed; that he remained in the automobile while the robbery was committed, which took two or three minutes; that after the robbery he drove the actors (Revier and Wages) away to their homes and returned the automobile which they used to the service station from which it was hired. Without going into detail, the circumstances are such as warrant the conclusion that the appellant was cognizant of the robbery at the time it was committed; that he was an actor therein by way of keeping watch and assisting in the escape of the robbers. He claims in his confession that he did not know until afterwards that the robbery had been committed.

The conceded facts warrant a finding by the jury that appellant was a principal offender, under Arts. 66, 67 and 69, P. C. of 1925, Vol. 1. There was evidence that he was present, keeping watch, aided in securing the safety of his confederates, and from his actions in concert with them before, at the time of and subsequent to the unlawful act, an agreement to do so may be inferred. See Rowan v. State, 97 Tex. Crim. Rep. 130; Coomer v. State, 97 Tex. Crim. Rep. 588; Monday v. State, 90 Tex. Crim. Rep. 8; Hays v. State, 90 Tex. Crim. Rep. 193; also Underhill on Crim. Ev., 3rd Ed., Sec. 491; Wharton on Homicide, 3rd Ed., Sec. 441; Wharton's Crim. Ev., Vol. 2, p. 1732. The direct evidence showing appellant's presence and participation to the extent stated above, a charge on circumstantial evidence was not required on the issue of intent. See Russell v. State, 38 Tex. Crim. Rep. 596; Branch's Ann. Tex. P. C., Sec. 1874.

In bill of exceptions No. 1 there is complaint of the inquiry touching the arrest of the appellant. The form of the bill is objectionable in that it is a transcription of the stenographer's notes in question and answer form. However, even if considered, the bill contains no recitals which show that the questions propounded were not proper or that they were harmful.

Bill of exceptions No. 2 is similar in form to bill No. 1, and, moreover, is lacking in a statement of the surrounding facts such as would enable the court to determine that the ruling complained of was erroneous or harmful.

The complaint of the argument of state's counsel in bill No. 6 is sufficiently met by the facts stated in the qualifications of the bill by the trial judge going to show that so far as the argument

mentioned is subject to objection, it was an appropriate reply to the remarks of the appellant's counsel in which he went out of the record.

Finding no error, the motion is overruled.

*Overruled.*