HENRY JOHNSON v. THE STATE.

No. 11883. Delivered October 31, 1928.

The opinion state the case.

*Seb F. Caldwell* of Mt. Pleasant, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Operating under a purported search warrant, an officer searched appellant's smokehouse and found therein several gallons of whiskey.

The affidavit upon which the search warrant was based was made on information and belief, without stating any fact, circumstance or detailed information from which it could be determined that probable cause existed for the issuance of the warrant under which the search was made. Appellant timely and properly objected to the testimony of the officer touching the results of the search. The objection should have been sustained. The affidavit was insufficient to authorize the issuance of the warrant. An affidavit for a search warrant predicated upon information and belief only, and not stating any facts or circumstances or information upon which the belief is founded, is insufficient to support the issuance of a search warrant. Sutton v. State, 300 S. W. 639, and authorities cited; Simmons v. State, 7 S. W. (2d) 78. The statutes of this state penalize an illegal search. Article 4a C. C. P. 1925. Article 727a C. C. P., provides that—

"No evidence obtained * * * in violation * * * of the Constitution or laws of the state of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.