## Nicholas Puga v. The State.

No. 12320.  Delivered December 19, 1928.
Rehearing granted May 8, 1929.

The opinion states the case.

*T. D. Kimbrough* of Midland and *Clyde E. Thomas* of Big Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor; punishment, one year in the penitentiary.

The record is before us without any statement of facts or bills of exception. The indictment, charge of the court, judgment and sentence appear to be in conformity with law.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Since this case was affirmed for lack of statement of facts and bills of exception,—a motion for rehearing has been filed, and there has been sent to the clerk of this court a complete transcript of the proceedings in the trial court together with a statement of facts which was on file in the office of the clerk of the trial court within the time prescribed by statute, as were a number of bills of exception taken and properly reserved. We have no desire to be harsh in criticism of any officer of this State. The present district clerk of the court below does not seem to have been the occupant of that office at the time the papers herein should have been properly prepared and forwarded to this court. This record has been permitted to lie in the office of the clerk of the court below for approximately two years, and it appears from our records that only a part of the proper record was forwarded here prior to the time of the affirmance of this case. This court again calls the attention of the officers of trial courts to the fact that the State of Texas should in no event be a party to withholding aid and assistance from persons convicted of crime who are making proper efforts to get their cases to the appellate court. All fair assistance should be rendered, and an appeal should be promptly perfected and the papers thereto forwarded to the appellate court.

The complete record now before us shows error for which this case must be reversed. The testimony of the officers who searched appellant's house was objected to on the ground that the affidavit for search warrant was not signed by two persons as required by law. Neither the warrant nor the affidavit therefor seemed obtainable at the time of the trial, though that fact rests on inference. In order to introduce secondary evidence of the contents of written documents, their loss must have been established. This was not done. One officer testified on the trial that he alone signed the affidavit for search warrant. Another swore that he did not know

whether he signed the affidavit or not. This was not a sufficient showing of a statutory affidavit.

Exception was taken to the charge of the court for its failure to submit the law of circumstantial evidence. We are of opinion the exception was well taken. Appellant and his wife seemed to have occupied part of a three room house which was raided by the officers and in which the liquor in question was found, and one Puenta lived in another part of said house. Corn whisky was found in the house on the occasion of the search. No one claimed it. No statement of ownership or possession of same in appellant is shown in this record otherwise than its being found in the house in which he lived. The fact of its possession by appellant was an inference deducible from the circumstances before the jury, and upon another trial if the irregularity of the affidavit for search warrant be corrected by the introduction of proper testimony, and the case be submitted to the jury upon facts similar to those in the instant record, the law of circumstantial evidence should be given in the charge. The jury should be told that unless they believed beyond a reasonable doubt that the liquor in question was not in possession of Puenta, they should acquit.

For the error mentioned the motion for rehearing on behalf of appellant is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*