## Dan Crawford v. The State.

No. 12886.   Delivered January 15, 1930.
Reported in 23 S. W. (2d) 368.

The opinion states the case.

*P. P. Long* and *B. W. Baker,* both of Carthage, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Officers came upon appellant about twelve o'clock at night in a dugout in the woods.   He was alone at the time.   There was in the dugout a still in operation.   There were three barrels of mash, one of which was being run at the time.   The officers also found at the same place six gallons of whiskey.   They had immediately prior to arresting appellant been watching the dugout for about forty minutes.   No one else was observed about the place.   Appellant testifying for himself swore that the entire outfit belonged to a white man with whom he had made arrangements to get whiskey the night in question; that he had arrived at the dugout about ten-thirty and found no one present but found the still in operation; that he drank some of the whiskey and remained there until the arrival of the officers; that he had not made or assisted in making any whiskey that night; that he had remained in the dugout to keep out of the rain, which was falling during this time.

The defense relied on was that appellant's presence at the still was an innocent one, he not having any guilty connection either with the still or whiskey and having gone there only to get some of the whiskey to drink.

In submitting this defense, the Court improperly conditioned his acquittal upon knowledge by appellant that whiskey was possessed or manufactured at this place. Mere knowledge of such matters is not a violation of law, nor could it be made to abridge in any manner his defense. One of the paragraphs of the Court's charge submitting this defense was as follows:

"Or, if you should believe from the evidence in this case that intoxicating liquor was being manufactured, as testified to by the officers and that intoxicating liquor was possessed for the purpose of sale, but you should further believe that the defendant had no connection therewith or knowledge thereof, you will acquit the defendant, or if you have a reasonable doubt as to either one of the proposition you will acquit the defendant."

Appellant's own testimony shows knowledge on his part of these matters. That's how he came to be there, and the limitation placed on his defense probably destroyed it and left him without any. Rejection of, testimony offered by appellant tending to prove that the still and equipment there situated belonged to a white man was improper. It corroborated appellant's theory of defense and patently such facts as tended to establish the defense charged on by the Court ought not to be rejected.

For the errors pointed out, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.