HOMER SEALE v. THE STATE.

No. 13182. Delivered March 26, 1930.
Reported in 26 S. W. (2d) 275.

522

The opinion states the case.

*Williams & Bell* of Childress, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, four years in the penitentiary.

Searching officers went to filling station and in a garage near same found a large quantity of whisky. A false end had been built to this garage, making a secret compartment in the back thereof in which the whisky in question was concealed.

Appellant testifying for himself said that he leased from another this filling station and grounds some months prior to November 1, 1928, and that on this date he subleased the premises to his brother for a consideration of $500.00, $250.00 of which was paid in cash, the remainder to be paid when he returned from Mineral Wells; that this trade was made in the town of Paducah in the presence of Bud Rollins; that upon making this trade he left for Mineral Wells where he was operated on and at which place he stayed for three weeks, and that he had been at the filling station since his return for only about thirty minutes when the raid occurred; that he had gone there for the purpose of receiving the remainder of his lease money and that his brother was absent for a few minutes at the time in order to get the money for him; that he knew nothing of the presence of the whisky in the garage, and was in temporary charge only during the brief absence of his brother.

When the case was called, he asked that it be continued on account of the absence of the above witness, Bud Rollins, by whom he could prove the details of the trade aforesaid and further prove by him that he was in fact at Mineral Wells and not at the filling station for some three weeks prior to the raid. This witness shows to have

been regularly subpoenaed on the 24th day of July, 1929. This case was set for trial the 1st day of August, 1929, and was tried at this time. The application seems to be in strict compliance with the statute. There is no question about the materiality of the testimony. The Court recognized this as a complete defense in his charge. No other witness testified to these facts except appellant. In our opinion the Court erred in refusing to grant this the appellant's first application for a continuance.

In addition to the defensive charges given by the Court the jury should have been further instructed to acquit if they had a reasonable doubt as to appellant's knowledge of the presence of the whisky in the garage, since he may have been in possession of the filling station and garage without being guilty of the offense charged. Rhoden v. State, 102 Tex. Crim. Rep. 413, and authorities there cited. Mere knowledge of its presence of course is not sufficient to convict, as has been held. Crawford v. State, 23 S. W. (2nd) 368. However, lack of such would constitute a complete defense. The above suggested charge would fully meet appellant's objections to the Court's main charge, though we doubt if this exact point was sufficiently raised to require a reversal.

The affidavit for search warrant in stating the grounds of affiant's belief recites matters that are hearsay and the point is made that same was insufficient because as a whole it shows to have been made solely upon information and belief. Such allegations have been in numerous cases held sufficient. The existence of probable cause may be based upon hearsay. Rozner v. State, 3 S. W. (2nd) 441.

We are of the opinion that other contentions of appellant are without merit but for the Court's action in overruling appellant's application for continuance, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.