HOMER SEALE v. THE STATE.

No. 14069.   Delivered March 25, 1931.
Rehearing Denied June 10, 1931.

The opinion states the case.

*Williams & Bell,* of Childress, for appellant.

*A. J. Folley,* District Attorney, of Floydada, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

Operating under a search warrant, officers searched a garage and found therein approximately 500 gallons of whisky. A false end had been built to the garage, making a secret compartment in the back thereof, in which the whisky in question was concealed. It was uncontroverted that appellant built the garage. The officers testified that appellant stated to them at the time they presented the search warrant to him that he was running a filling station. He further stated to the officers, according to their testimony, that they might go ahead and search, as there was no liquor in the place.

Testifying for himself, appellant said that he had leased the premises to his brother on November 28, 1928, for a consideration of $500, $250 of which was paid in cash, the remainder to be paid when he (appellant) returned from Mineral Wells; that upon making the trade he left for Mineral Wells, where he was operated on; that he remained in Mineral Wells for three weeks; that he had just returned from Mineral Wells and had only been in the filling station about thirty minutes when the officers made the raid; that he had gone to the filling station for the purpose of receiving the remainder of his lease money; that his brother had left him in charge while he went for the money; that he knew nothing of the presence of the whisky in the garage; that he had not built the false end in the garage where the whisky was found.

In rebuttal, the state introduced a witness who had been selling and delivering gasoline and oil to appellant. He testified that he sold appellant gasoline shortly prior to the raid and that he had also sold him gasoline and oil two or three days before the raid. He also said that appellant had given him some whisky a few days before the raid.

Appellant objected to the testimony of the officers touching the result of the search on the ground that the garage was not included in the description of the premises set forth in the affidavit for the search warrant. We think the objection was properly overruled. We quote from the affidavit as follows:

"Before me, the undersigned authority, on this day personally appeared Ed. Tharp and C. T. Heller, each known to me to be credible persons, and who, each upon their oaths state that they have reasons to believe and do believe that the hereinafter described place, house, building, residence and premises, which is being used and operated by one Homer

Seale and employees is being used and occupied by them (or him) as a place for the unlawful manufacture of intoxicating liquor in violation of and contrary to the laws of the State of Texas; that said building, place, residence, and premises is described as follows, to-wit: that a certain filling station, building or house, located and situated on the public road leading from the town of Matador, Texas, to the town of Paducah, Texas, and being on the north side and adjacent to said public road known as Lee Highway or Highway No. 28 in Motley County, Texas, and about 9.4 miles east of the town of Matador, Texas, and about 200 yards east of a creek known as Tepee Creek. Said building, place and premises in Motley County, Texas."

There seems to be no doubt from the record that the premises in question consisted of a filling station and garage. The garage was approximately 25 feet from the filling station, and a fence enclosed the buildings on three sides. According to the state's witnesses, appellant stated that he was running the filling station. The opinion is expressed that the description in the affidavit included the garage.

The further contention is made that the description set forth in the search warrant failed to follow that embraced in the affidavit. It was recited in the search warrant that the affiants had made affidavit that they had reason to believe and did believe that "a certain place, building and premises, which is being used and occupied by one Homer Seale and employees is being used by them as a place for the unlawful manufacture of intoxicating liquor, and for the unlawful sale of intoxicating liquor, in violation of and contrary to the laws of the State of Texas." Thereafter it is recited in the search warrant that said place, building and premises is situated 9.4 miles east of Matador, Motley County, Texas, on the Matador-Paducah Highway, said highway being known as Lee Highway or Highway No. 28, about 200 yards east of a creek known as Tepee Creek in Motley County, Texas. It is further stated that the property in question is situated on the north side of and adjacent to said Lee Highway. We think the description in the search warrant did not materially vary from that set forth in the affidavit.

A further objection to the testimony of the officers was that the affidavit failed to set forth facts and circumstances sufficient to constitute probable cause. Touching probable cause, it is stated that the reason for believing that the building, place and premises of the appellant were being used for the unlawful manufacture and sale of intoxicating liquor was as follows:

"By the report of others and what looks to me as liquor being delivered to parties as I passed there."

On the former appeal of this case it was held that the affidavit sufficiently manifested on its face the existence of probable cause for making the search. See Seale v. State, 26 S. W. (2d) 275. We are not led to

believe that we were in error in our former holding. Rozner v. State, 109 Texas Crim. Rep., 127, 3 S. W. (2d) 441. The statement in the affidavit is equivalent to an averment that it had been reported to the affiants by others that appellant was manufacturing and selling intoxicating liquor on the premises in question.

In submitting appellant's affirmative defense, the court instructed the jury, in paragraph 7 of the charge, as follows:

"You are instructed that if you find and believe from the evidence that Walter Seale had leased the filling station and was in possession of the intoxicating liquor found in the filling station, if any was so found, and that defendant was not in possession of same, or if you have a reasonable doubt as to whether or not such were the facts, then you will find the defendant not guilty."

Further, in paragraph 8 of the charge, the jury were instructed as follows:

"You are instructed that even though you find that defendant was in possession of the garage and that whisky was found in same, still such possession would not alone authorize you to find defendant guilty, and if you find from the evidence that defendant had no knowledge of the presence of whisky, if any, in the garage, or if you have a reasonable doubt as to defendant's knowledge of the presence of whisky, if any, in the garage, then you will find the defendant not guilty."

In paragraph 3 of the charge, the court instructed the jury that the word "possession" means the exercise of actual control, care and management of the property in .question. Appellant objected to paragraph 7 of the charge on the ground that it was a limitation upon his rights, in that before the jury would be justified in acquitting him they must find that Walter Seale leased the filling station and was in possession of the whisky. It is insisted that the jury should have been instructed they could not convict him unless they found that he had the personal care, control and management of the whisky.

Paragraph 8 was objected to on the ground that it was, in effect, an instruction that the jury might find him guilty if they believed that he had knowledge that whisky was in the garage and he was in possession of said garage at the time. It was urged that the jury should have been instructed that they could not convict him unless he had the personal care, control and management of the whisky, and, further, that knowledge that whisky was in the garage would not be sufficient, even if he were in possession of said garage.

Appellant testified that the filling station was in charge of his brother, and, further, that he did not know that the whisky was in the garage, and exercised no control over it whatever. Considered in connection with the court's definition of possession, we are unable to see how appellant's affirmative defense could have been more pertinently called to the atten-

tion of the jury in the charge of the court. Paragraph 8 of the court's charge appears to have been framed to meet the suggestion of this court contained in the opinion on the former appeal. We quote therefrom as follows:

"In addition to the defensive charges given by the court, the jury should have been further instructed to acquit if they had a reasonable doubt as to appellant's knowledge of the presence of the whisky in the garage, since he may have been in possession of the filling station and garage without being guilty of the offense charged. Rhoden v. State, 102 Texas Crim. Rep., 413, 278 S. W. 211, and authorities there cited. Mere knowledge of its presence, of course, is not sufficient to convict, as has been held. Crawford v. State (Texas Crim. Apps.), 23 S. W. (2d) 368. However, lack of such would constitute a complete defense. The above suggested charge would fully meet appellant's objections to the court's main charge, though we doubt if this exact point was sufficiently raised to require a reversal."

Appellant objected to the court's definition of "possession" on the ground that it failed to require the jury to find that appellant exercised personal control, care and management of the whisky. The charge required the jury to find before they convicted that appellant exercised the actual control, care and management of said liquor. The definition given by the court was held proper in Thomas v. State, 89 Texas Crim. Rep., 609, 232 S. W., 826. See also Wilkes v. State, 105 Texas Crim. Rep., 430.

The state proved in rebuttal by the witness McCoughren that he delivered oil and gasoline to appellant at the filling station, and that "a day or so before the raid appellant gave him some whisky." Appellant objected to this testimony on the ground that it was immaterial and threw no light on any issue in the case. We think the testimony was admissible. Appellant testified that he had no whisky at the filling station. He further testified that he had been in Mineral Wells for two or three weeks and that he had been at the filling station only about thirty minutes on the day of the raid for the first time since his return from Mineral Wells. The testimony touching the gift of whisky to the witness tended not only to show that appellant had whisky in his possession at the filling station, but also tended to show that appellant was not in Mineral Wells at the time claimed by him.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains because we failed to pass on a proposition which he says in his motion was presented in his assignments of error. We have examined the record, but fail to find any bill of exception to the charge of the court for failure to submit an affirmative defensive theory based on the claim that one Stanley was in possession of the whisky at the time the place was raided by the officers; nor do we find any special charge presenting such proposition. In the absence of such exception we fail to see just ground for complaint, and are of the opinion that any attempt to secure a reversal because such theory was not submitted, comes too late at this time.

Under the facts of this case if appellant had possession of the whisky in question at all, he had the actual care, control and management in person of same at the filling station where it was found. We think the definition of possession as given in the charge of the court was entirely sufficient and applicable to the facts. The facts in any given case must affect and control the charge. If appellant had been absent, and the facts showed him not to have exercised any personal relation to the intoxicating liquor, there might be some room for the complaint.

Believing the former disposition of the case to be correct, the motion for rehearing will be overruled.

*Overruled.*