F. M. (Boss) LEVASSAR v. THE STATE.

No. 14841.   Delivered March 23, 1932.

The opinion states the case.

*J. D. Pickett,* of Palestine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

The salient facts are the following: Lee Ellis, and several other men whom he named, went in the daytime to the home of Levassar, the appellant. Levassar was sick in bed and his married daughter was at the home looking after him. The visitors asked the appellant if he had any whisky. He replied that he did not know, but asked his daughter if she knew where there was any. She left the room and later returned with a half-gallon jar of whisky. She set it down. There was nothing said about paying for the whisky except that appellant was told by the boys that they would pay for it. He remarked that "that was all right". The whisky was later paid for by giving groceries to the son of the appellant. From Ellis' testimony we quote as follows: "There was no agreement with Mr. Levassar that day as to how much we were to pay him for the liquor. We were to give him $2.50. I just told him I would pay him $2.50 for it. He said I need not mind about it."

This conversation was had after the liquor was received by the state's witness. The witness did not know whether Levassar's son ever paid the appellant for the whisky or not. Appellant had had the small-pox and had developed rheumatism.

The appellant's daughter said that there was nothing said about whisky and none was purchased by the state's witnesses.

Another state's witness said: "His (appellant's) daughter got the whisky and brought it back there. We didn't pay Mr. Levassar for the whisky at the present. He said that would be all right—to carry it on. I do not remember what was said about the price of the whisky."

The issues were submitted to the jury in a charge against which there was addressed no exception. There are no bills of exception complaining of the rulings of the court upon the admission and rejection of the evidence.

Appellant stresses the contention that the evidence is insufficient to show actual control and management of the whisky, citing Thomas v. State, 89 Texas Crim. Rep., 609, 232 S. W., 826, and Smith v. State, 90 Texas Crim. Rep., 273, 234 S. W., 893. If we comprehend the evidence, it is sufficient to show that when the purchase was mentioned, the

appellant commissioned his daughter to ascertain whether there was any whisky on the premises and that she brought it to him where he was sick. In the appellant's presence, the whisky was delivered to the purchasers. No immediate payment was made, but the purchasers told the appellant they would pay him for the whisky and he said it was all right. This testimony is regarded as bringing the same within the purview of article 69, P. C., 1925, reading as follows: "Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal whether he aid or not in the illegal act."

See Rowan v. State, 97 Texas Crim. Rep., 130, 260 S. W., 591; Coomer v. State, 97 Texas Crim. Rep., 588, 262 S. W., 495; Rodriquez v. State, 100 Texas Crim. Rep., 11, 271 S. W., 380; Moody v. State, 106 Texas Crim. Rep., 55, 290 S. W., 161; O'Neal v. State, 109 Texas Crim. Rep., 486, 5 S. W. (2d) 521.

We are constrained to regard the evidence sufficient to sustain the conviction.

The judgment is affirmed.

*Affirmed.*