HUGH COLEMAN V. THE STATE.

No. 16604. Delivered April 11, 1934.

The opinion states the case.

*R. A. Sone* and *J. R. Cornelius,* both of Sweetwater, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully possessing intoxicating liquor for the purpose of sale, and his punishment assessed at confinement in the State penitentiary for a term of one year.

The facts adduced upon the trial show that on or about the 24th day of December, 1933, the officers of Nolan County by virtue of a search warrant searched the appellant's premises and found thereon three and one-half gallons of whisky, and in addition some alcohol. The affidavit for the search warrant was made by Jess Lambert, sheriff of Nolan County, and J. A. Bland, a deputy sheriff, which affidavit accurately and definitely described the premises sought to be searched and the search warrant followed the description in the affidavit.

From appellant's bill of exception No. 1 it appears that while the sheriff and deputy sheriff were testifying on behalf of the State, the district attorney offered as evidence in connection with said testimony the three and one-half gallons of whisky found by the officers on the appellant's premises as the result of the search, to which the appellant objected because the State had not shown a search warrant. Thereupon, the State offered in evidence for the consideration of the court and not the jury the affidavit for the search warrant and also the search warrant, to which the appellant objected for the following reasons: First, because no case had been filed in the justice court against the appellant; second, that there was no case docketed in the justice court until after the affidavit was made and the search warrant had issued; third, that neither the affidavit for the search warrant nor the search warrant showed to have ever been issued by the justice of the peace; fourth, because the affidavit for the search warrant failed to disclose by whom the officers were informed that the appellant possessed intoxicating liquor; fifth, because the affidavit for the search warrant was based upon information and belief without stating the facts upon which to legally predicate the issuance of the

search warrant; sixth, because the facts set out in the affidavit are too indefinite and it does not state by whom the officers were informed; and seventh, because the allegations in the affidavit are not such allegations as would legally show probable cause existed for the issuance of the search warrant. The bill of exception discloses that said objections were overruled, to which the appellant excepted. The bill of exception does not certify that the affidavit for the search warrant and the search warrant were admitted in evidence before the jury. The testimony of the officers showing the result of the search and the finding of the whisky in the appellant's possession was not objected to by the appellant. The affidavit for the search warrant was sworn to by affiants before I. W. Brashear, justice of the peace of Precinct No. 1, in and for Nolan County, Texas, on the 24th day of December, 1933. It is stated in the affidavit that "affiants are reliably informed by creditable persons that liquor capable of producing intoxication is now possessed by said Hugh Coleman at said place for the purpose of sale and that the same is being sold thereon, etc." We deem the affidavit sufficient to warrant the issuance of the search warrant. If, however, the affidavit for the search warrant was insufficient and the search warrant was not legally obtained, yet, if the appellant did not object to the introduction of the testimony of the officers that they found the liquor, it was proper for the court to permit the introduction of the liquor as evidence in the case. Hence, no reversible error is shown by the bill of exception, and in support of the views herein expressed we refer to the following authorities: Rozner v. State, 3 S. W. (2d) 441; Seale v. State, 26 S. W. (2d) 275; Hartless v. State, 50 S. W. (2d) 1097.

By bill of exception No. 2 the appellant complains of the action of the trial court in refusing to grant his motion for new trial based on the ground that one of the jurors was not a qualified voter in Nolan County in that the juror had not lived in the county for six months next preceding his services as a juror in this case, but had only lived in the county for appoximately four and one-half months. The bill shows that the statutory questions as to residence were asked each of the jurors by the court and were answered by each of the jurors to the effect that he was a qualified voter of Nolan County, but in fact one of the jurors had not lived in Nolan County six full months next preceding his services as juror in this case. We do not believe that the bill shows any reversible error. In the case of Leeper et al v. State, 14 S. W., 398, and also in the case of Squyres v. State, 242 S. W., 1024, this court said:

"If the alienage of the juror had been known at the time he was being examined for jury service, it would have been a cause for challenge, but it is no ground for new trial, although not discovered until after the termination thereof."

The instant case falls strictly within the rule announced by Judge Hawkins in the case of Squyres v. State, supra. Hence, the appellant's bill of exception No. 2 is overruled.

Finding no error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.