LEE BICKERSTAFF V. THE STATE.

No. 20887. Delivered March 6, 1940.
Rehearing Granted April 17, 1940.

70

The opinion states the case.

*M. M. Guinn,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on the 8th day of June, 1939, in the County Court of Cherokee County upon a charge of violating the local option law. The prosecution was by complaint and information, and the trial was by a jury which returned its verdict finding the appellant guilty and assessing a fine of $500.00.

Leon Halbert, a deputy sheriff, testified that he knew the appellant and that he operated the place known as Paradise Inn, which included a dance hall, sleeping quarters, and tourist quarters; that he, in company with the sheriff and another, armed with a search warrant, went to the place mentioned, and upon searching the premises, found sixteen pints of whisky concealed in the ceiling above the light fixtures in the sleeping quarters of the defendant and his wife. It was stated that two employees also had sleeping quarters at the Paradise Inn, but it is not stated just how close they were to this room or that they had access to it. A representative of the Liquor Control Board testified as a chemist that he examined the contents of the bottles; that it was whisky or distilled spirits with an alcoholic content of more than forty per cent by volume and that it was intoxicating liquor.

J. H. Parrish testified for the appellant that he was present on the night the place was visited by the officers; that he saw about thirty or forty persons there. Two persons besides the appellant worked at the Paradise Inn, one of them being his sister-in-law. He did not see any pint bottles; that all he saw were half pints which the officers had in a bushel basket. He did not know which room was occupied by the appellant at this time.

Another representative of the Liquor Control Board stated that he was able to take the affidavit for the search warrant and locate the house that was searched and in which the appellant lived.

Bill of Exception No. 1 contains a motion to quash the complaint and information in the case on several counts, neither of which we consider tenable. Section 9 thereof sets out that the complaint and information did not allege any publication of the order of the commissioners' court as required by law. As we read it, such allegation is made. The form of the complaint and information in this case have been so frequently approved by the court that we consider further discussion of them unnecessary.

Bill of Exception No. 2 bases error on the fact that the "complaint" in the case was not read to the jury. The prosecution is based upon information, which the statute requires to be read to the jury. Articles 642, C. C. P. We know of no requirement that the complaint itself be read to the jury.

Bills of Exception Nos. 3, 4 and 6 pertain to the record as to the Local Option Law in Cherokee County. This has been

thoroughly considered in another case of this date, and the court concluded that there is no merit in the bills.

Bill of Exception No. 7 complains of the form of the affidavit for the search warrant in the case with the contention that it is insufficient in that it does not properly describe the premises to be searched. The facts stated in this bill are not borne out by the record as to the description of the property. The affidavit states that the property is situated near Highway No. 40 north of the town of Rusk, and according to the evidence in the case, this seems to be correct. The further complaint is made that the affidavit is insufficient in that it does not give the source of the information upon which the affidavit was made; that it alleges only a suspicion or a belief, and is too indefinite and uncertain upon which to authorize the issuance of the search warrant. This bill presents the most difficult question on the appeal. The affidavit alleges the place to be a private dwelling in Cherokee County, described as a dance hall, with a drink stand and eating place combined, etc. * * * and being commonly known as "Paradise Inn," and "being the premises of Lee Bickerstaff, as a place where alcoholic beverages are unlawfully possessed, sold, manufactured, kept and stored in violation of the provisions of the Texas Liquor Control Act." Further it says: "We have recently been informed by credible persons that intoxicating liquors are kept, possessed, and sold in and upon the above described premises in violation of the law and your affiants believe that said information to be true and correct."

It will be noted that the first assertion made is direct and positive that the house is a place where alcoholic beverages are unlawfully possessed, sold, manufactured, kept, and stored in violation of the provisions of the Texas Liquor Control Act. The affidavit concludes with the statement that "We have recently been informed by credible persons that intoxicating liquors are kept, possessed, and stored in and upon said premises."

Appellant has filed a very able brief on this question exhaustively treating the subject. With the abstract propositions of law asserted we are in full accord. However, the application to the facts of the instant case appear to us to be in error.

The affidavit for a search warrant is the basis for its issuance by the magistrate. If it alleges sufficient facts to convince the magistrate that the party applying for the search warrant is entitled to it, it is his duty to issue the warrant. He is the judge of the sufficiency of the facts alleged. Whether or not there are any facts upon which he may reach this con-

clusion is a question of law reviewable on this appeal. The subject has been many times considered by this court—so many times that an effort to review all of the decisions on the subject would hardly be justifiable; nor do we deem it essential to a proper determination of the question raised.

Appellant seems to have the view that the decisions of this court hold that the maker of the affidavit must justify the statements which he makes that the evidence shows the existence of the article to be obtained by the search by giving the source of his information. The courts have not gone that far. This court has said that the affidavit must allege more than a mere heresay, and the cases treated in the appellant's brief, all of which we have considered, reach that conclusion. It has been said that the affidavit must state the existence of a fact upon good authority and this, we think, the affidavit does. It has frequently been held, however, that it is not essential to present the evidence which the affiant has, warranting him in reaching the conclusion asserted. A careful consideration of all the authorities cited by the appellant fail to reveal a contrary conclusion.

In Simmons v. State, 7 S. W. (2d) 78, it was said: "The affidavit for the search warrant was made on information and belief, without stating any fact, circumstance, or detailed information from which it could be determined that probable cause existed for the issuance of the warrant under which the search was made."

It was held that this was insufficient. The party making the affidavit gave no claim to the information himself. He made no direct statement but based everything on "information and belief."

To the same effect is Johnson v. State, 10 S. W. (2d) 549.

It will be noted that in each of the foregoing cases the entire allegation was on information and belief.

Writing on the motion for rehearing, Judge Morrow, in Hartless v. State, 50 S. W. (2d) 1097, laid down the doctrine that it is sufficient that a search warrant be issued upon an affidavit showing that the affiants based their affidavit upon information obtained from credible persons of specific things set out in the affidavit; that it has not been held in this State that the names of the persons from which the affiants obtained their information must be set out in the affidavit.

Schwartz v. State, 46 S. W. (2d) 985, sustains an affidavit made by two parties who testified to the existence of specific

facts upon the information of other parties whom they knew and believed.

From the opinion of Judge Morrow in Montgomery v. State, 31 S. W. (2d) 441, we quote the following: "The affidavit states in direct terms that Willie Montgomery was the owner and in possession of intoxicating liquor, and concludes with the statement that 'affiants have been informed that said defendant has such intoxicating liquor in his car.' The ruling of the court asserting the sufficiency of the affidavit is not out of harmony with the announcement of this court in Rozner's case, 109 Tex. Cr. R. 127, 3 S. W. (2d) 441. See, also, Villareal v. State, (Tex. Cr. App.) 21 S. W. (2d) 739; Harris v. State, 112 Tex. Cr. R. 219, 15 S. W. (2d) 1048. The affidavit, however, is apparently in accord with the principle applied and the announcements made in the cases of Ware v. State, 110 Tex. Cr. R. 90, 70 S. W. (2d) 551," etc.

In Ruhmann v. State, 22 S. W. (2d) 1069, complaint was made that the affidavit was shown to be predicated solely on information and belief, the affiants stating that the place was visited at all hours by disorderly and boisterous persons, and by persons who are shortly afterwards apparently under the influence of intoxicating liquor. Judge Hawkins said: "If we understand appellant's contention, it is that such averment states no fact, but gives only information which has reached the affiants, without naming the informant, and is only hearsay. Appellant seems to assume that 'probable cause' for the issuance of a search warrant cannot arise from hearsay. We think this a mistaken view. The definition of probable cause, as found in Landa v. Obert, 45 Tex. 539, which is approved in Chapin v. State, 107 Tex. Cr. R. 477, 296 S. W. 1095, and is in substance the same as other definitions sanctioned by the courts and text-writers, reads as follows: 'A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.'

"This definition on its face seems to imply that the information upon which the belief is founded may be in the nature of hearsay as that term is ordinarily applied. The law does not demand that affiants who apply for a search warrant are in possession of sufficient testimony touching a violation of the law as would prove the guilt of accused; nor does it demand that affiants' statements be such as would be receivable in court upon the trial of one accused of crime. If these things

were necessary, there would be little need in any case to resort to a search warrant. The purpose of an affidavit for search warrant is to exhibit to the magistrate facts *or information* from which he is to determine whether probable cause exists upon which a warrant may issue. If affiants only state that they believe and have reason to believe that certain facts exist which would authorize the warrant to issue, affiants are substituting their judgment for that of the magistrate upon the issue of probable cause; this cannot be. But, when affiants state as a fact in the affidavit that certain information has come to them, as in the present case, then it is for the magistrate to say whether such information, if true, furnishes probable cause to issue the warrant. When affiants swear that certain information has reached them, the magistrate may assume that affiants are making a true statement regarding the matter, whether or not they disclose the source of their information. The point here made has been decided against appellant in Rozner v. State, 109 Tex. Cr. R. 127, 3 S. W. (2d) 441. See, also, Ware v. State, 110 Tex. Cr. R. 95, 7 S. W. (2d) 551. The general principle is discussed at some length and rather interestingly in the case of Gallaway v. Burr et al, 32 Mich. 332."

From the foregoing authorities and upon the statements quoted in the affidavit, it is considered that it is sufficient upon which a magistrate may issue a search warrant. Bill of Exception No. 7 is accordingly overruled.

Bill of Exception No. 8 complains of the failure of the court to instruct a verdict in favor of the defendant. This, we think, was not justified and the same is overruled.

Bill of Exception No. 9 complains of the failure of the court to charge on circumstantial evidence. The whisky found in this case was hidden by a device in a room which was occupied by the appellant. Inasmuch as the evidence shows that he was in charge of this room at the time and place as his private residence and there is no evidence to indicate that it was occupied by any other persons, we do not consider that a charge on circumstantial evidence was proper.

Bill of Exception No. 10 complains of the failure of the court to define the word "possess" as used in the charge. A special requested charge was presented by which counsel asked the court to define the word "possess" as meaning "actual control, care and management." The court refused this request and we think, properly so. The word, as used in the statute, is used in the ordinary and accepted sense, and there is no indication that it was used in a technical sense, either in the statute or in the court's charge. It is a word of such common

usage and so generally understood by every one that any juror capable of performing service as such will understand it as certainly and definitely as he could any words which may be used to define it. "Actual control, care and management" could do nothing in simplification of the word, and certainly any one who knows what either of the three words suggested means would also know the meaning of the word "possess." Definitions are given for the purpose of simplifying and making more clear the meaning of words and expressions in the sense used. This is particularly advisable where words are used in a technical sense, and only necessary for words used in a non-technical sense when such words are not generally used and understood by the persons for whom the definition should be given.

In Thomas v. State, 232 S. W. 826, the court used the definition substantially as requested in this case, and the attorney there failed to understand the meaning of the definition. The matter was brought before this court under the claim that the court thereby told the jury that it means to "own" and "to entitle to." Apparently, the definition did not help the attorney for the defendant in that case, and there is nothing in the opinion cited which would indicate the necessity for the giving of the charge.

Wilkes v. State, 289 S. W. 44, holds the definition requested to be harmless and sufficient without giving the charge requested. There is nothing here to indicate the necessity of the charge.

In Seale v. State, 39 S. W. (2d) 58, the defendant presented evidence, as an affirmative defense, to show that he did not have possession of the premises where the liquor was found. The court there gave a definition in substantially the same terms as that requested in the instant case for the purpose of broadening the meaning of the word "possession" so as to comprehend the facts of the case. This was held to be proper, but it was called for by reason of the affirmative defense. Under such circumstances as that detailed and under others which might be conceived, it would be proper to define the meaning to prevent any distortion of the word, but unless such is called for, it may be said to be unnecessary.

Bill of Exception No. 11 presents nothing for consideration, it not being in proper form to do so.

Bill of Exception No. 12 complains of the following argument of the county attorney: "Prima facie evidence is conclusive evidence in this case because it is not rebutted by any other testimony in this case."

The subject under consideration is liquor. It is proved to have a high alcoholic content. The objection presents that this argument of counsel is "inflammable." The court had given a proper instruction on the subject, and the attorney was presenting the argument on evidence introduced and made the comment in the language complained of. Appellant says that he was discussing the law and modifying the court's charge. The finding of the liquor in the possession of the appellant was prima facie evidence of the purpose for which he had it. By that it is meant under the statute that when one has more than a quart of whisky, it is prima facie evidence that it was possessed for sale. Even if a smaller amount is found, additional evidence might be given in order to prove the purpose of its possession. On the other hand, the presence of the liquor there might be explained by the appellant's own testimony or in any other way so as to overcome the presumption which the statute says makes it prima facie evidence. Appellant did introduce one witness apparently for that purpose. He said that appellant had occupied another room at one time but admitted he did not know which room he was occupying as his own at the time of the search. The purpose of this testimony was evidently to overcome the prima facie case, but his admission that he did not know which room the appellant was presently occupying justified the county attorney in saying that it was no testimony at all. The presence on this occasion, in and about the premises, of so many people could have been offered for no purpose other than to overcome this prima facie evidence, but that fell short of a showing that the patrons entered the private sleeping apartment of the appellant, and the county attorney might have been considering this fact, thereby presenting that it was no testimony at all. It was also shown that two girls lived on the premises, and this could have had no purpose other than to overcome the prima facie case. Neither their testimony nor that of any other person was offered to show that they, and not the appellant, occupied this particular room as testified to by the officers. Thus, there are three sources from which the evidence might have come other than from the mouth of the appellant. Thus reasoned, the application of the rule is clear. It will be necessary for the bill to exclude the possibility of some one else giving this particular testimony before it can be construed as an allusion to his failure to testify. Had the argument made any reference to what was in the appellant's mind, it would be different, but it appears to us to be merely an argument on the evidence as it existed and as it appears in the record rather than as an allusion to what might have been

placed in the record by appellant. It was not a criticism of what appellant failed to present but a discussion of what he did present. Consequently, the rule does not apply, and there is no merit in the bill.

Having considered fully the record in the case with all errors assigned, and it appearing that they were not harmful, the case is affirmed.

## ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a very able motion for rehearing in which he contends that we erred in our original opinion in holding that the State's case did not rest on circumstantial evidence and therefore the trial court did not err in declining to instruct the jury on the law of circumstantial evidence or to submit appellant's special requested instruction thereon. After a careful review of the testimony, we think appellant's contention is well founded. The testimony shows that the appellant, Lee Bickerstaff, at the time in question, operated a place known as Paradise Inn, located in Cherokee County. The Inn consisted of a dance hall, tourist and sleeping quarters, etc. On the 7th day of January, 1939, the Sheriff of Cherokee County, accompanied by Leon Halbert, one of his deputies and Burwell Avera, went to the Inn, armed with a search warrant, to search the premises for intoxicating liquor. The search revealed sixteen pints of whisky concealed in the ceiling above a light fixture. The witness thought this was the sleeping quarters of appellant. Appellant had two employees who also had sleeping quarters at the Inn. At the time of the search, there were approximately thirty or forty people at the Inn. The record is silent as to how long appellant had operated the Inn and exercised control thereof. No witness testified definitely that the room, in the ceiling of which the whisky was found, was occupied by appellant nor that appellant knew the whisky was in there, or that he ever sold any at the Inn. Consequently, the conclusion that appellant secreted the whisky in the ceiling and possessed it is deducible from the circumstances stated. There is no direct and positive testimony that appellant occupied the room in the ceiling of which the whisky was found and that no other persons had access thereto. We think that the facts of this case are somewhat like the facts in the case of Puga v. State, 112 Tex. Cr. R. 431. The rule announced by this court in that case seems applicable here. See also Berry v.

State, 104 Tex. Cr. R. 114. This court in those cases held that appellant was entitled to a charge on the law of circumstantial evidence and we think that he was entitled to such an instruction in this case.

We are also of the opinion that the court, under the facts of this case, should have given appellant's special requested instruction defining the word "possession." See Andrews v. State, 106 Tex. Cr. R. 357.

The motion for rehearing is granted, the judgment of affirmance is set aside and the case is reversed and remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.