EVA BROWN V. STATE.

No. 26,537. October 28, 1953.

*Reid & Reid*, by *J. W. Reid*, Abilene, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The conviction is for a violation of the liquor law in Taylor

County, Texas. The punishment is assessed at a fine of $300.00 and confinement in the county jail for ninety days.

The evidence is summarized in the brief of the State's Attorney as follows:

"The facts, briefly, are that a representative of the Texas Liquor Control Board, together with other officers, after having secured a search warrant for the search of the Tourist Hotel in the City of Abilene, went to the hotel for the purpose of searching the same. Appellant, who was the manager of the hotel, was not present when the officers arrived, and they proceeded to search the unoccupied rooms in the hotel. Room 26 was locked and the officers secured entrance to the same by the use of a key secured from a maid, and found in Room 26 two suitcases under a bed, which contained 94 half pints of whisky. Room 26 was located on the second floor of the hotel. The officers returned to the lobby on the first floor with the suitcases of whisky; whereupon the appellant appeared in the lobby and denied any knowledge of the whisky in Room 26."

The testimony reflects that Room 26 was rented to one John Williams on January 13, 1953, who paid a week's rent in advance; that on the morning of January 22, a maid at the hotel had informed appellant that the room did not appear to be occupied but that Williams had left luggage in the room. The search made by the officers was on January 22, 1953.

Appellant had her living quarters on the first floor of the hotel. The evidence disclosed that the keys to the various rooms of the hotel, including Room 26, were possessed by the porters at the hotel and the maids in the hotel.

It was stipulated that Taylor County was a dry area.

It was also shown that appellant had her sister employed as a maid; that she and her sister lived on the lower floor of the hotel and utilized the kitchen thereof on the first floor as their own.

It became a question of whether or not appellant had possession of this large amount of liquor.

It was also shown that appellant had two Negro Porters who worked there regularly and also had another Negro porter, John

Taylor, who worked there off and on whenever his services were needed.

It seems that the state's case is based upon the mere possession of intoxicating liquor and such circumstances alone was relied upon for a conviction, it being shown that appellant was the manager of this hotel and had been so for a number of years.

In due time appellant requested the court to charge the jury relative to circumstantial evidence, and upon the court's failure to thus charge, appellant excepted thereto and presented to the court a charge relative to circumstantial evidence.

The rule has often been announced in many cases that where possession alone is relied upon to show an intent to sell, the matter becomes subject to a charge on circumstantial evidence, provided there are other persons relative to whom an outstanding hypothesis might arise as to the possession of the intoxicating liquor.

In the case of Puga v. State, 112 Tex. Cr. R. 431, 17 S.W. S.W. (2d) 110, this court said:

"Corn whisky was found in the house on the occasion of the search. No one claimed it. No statement of ownership or possession of same in appellant is shown in this record otherwise than its being found in the house in which he lived. The fact of its possession by appellant was an inference deducible from the circumstances before the jury, and upon another trial * * * if the case be submitted to the jury upon facts similar to those in the instant record, the law of circumstantial evidence should be given in the charge."

In the case of Bickerstaff v. State, 139 Tex. Cr. R. 69, 139 S.W. (2d) 110, this court said:

"We think that the facts of this case are somewhat like the facts in the case of Puga v. State, 112 Tex. Cr. R. 431, 17 S.W. 2d. 55. The rule announced by this court in that case seems applicable here. See, also, Berry v. State, 104 Tex. Cr. R. 114, 282 S.W. 594. This court in those cases held that appellant was entitled to a charge on the law of circumstantial evidence and we think that he was entitled to such an instruction in this case."

Because of the failure of the court to charge on the law of circumstantial evidence herein, the judgment is reversed and the cause remanded.