## SONNY JAMISON V. STATE

No. 27,301. January 19, 1955
Appellant's Motion for Rehearing Granted March 16, 1955
State's Motion for Rehearing Denied
(Without Written Opinion) April 27, 1955

*Cunningham, Cole & Southerland,* by *Buster Cole,* Bonham, for appellant.

*Tibby Wright,* County Attorney, Bonham, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of unlawfully possessing whiskey and gin in a dry area, for the pupose of sale, and his punishment assessed at 30 days in jail and a fine of $100.

The state offered evidence to the effect that the home of appellant, being the premises located at 1408 Franklin Street in Bonham, Fannin County, Texas, occupied by appellant, was searched under authority of a search warrant.

The warrant and affidavit therefor described the premises to be searched as: "a private dwelling located in Fannin County, Texas, described as about a four-room house painted white and facing west located on the east side of Franklin Street in Bonham, Fannin County, Texas, house number 1408, and all outbuildings and vehicles on the above described premises, and being the premises occupied by, in charge of and under the control of Sonny Jamison."

The search resulted in the finding and seizure of several half-pints of whiskey. Two half-pints were found under the East side of the house, and ten half-pints were found "in a sack under a bush in the northwest corner of the yard about 5 steps from the sidewalk and about 15 or 20 steps from the northwest corner of the house."

The evidence further shows "that there was a fence between the house of Sonny Jamison and the house to the north of Sonny Jamison's house, and that the liquor found in a sack under a bush was on the same side of that fence as Sonny Jamison's house"; that the house was situated in a Negro settlement on a narrow lot with houses close together.

The officers and state witnesses testified that they did not know the official designation of the street where the search was made, and did not know the property lines of the various property owners along the street.

One of the officers was recalled, after he had again visited the location, and testified that the street where the search was made was designated as Franklin Avenue. This was further shown by a copy of the plat of that part of the city of Bonham,

and by the testimony of appellant's attorney. Mr. Cole, the attorney, further testified that he did not know of his own knowledge whether there were other thoroughfares situated in Bonham which went by the name of Franklin.

Appellant attacks the admissibility of the evidence obtained as a result of the search, contending that the warrant was not sufficient to authorize the search.

The evidence mentioned shows that the street upon which appellant resided was known to the witnesses as Franklin Street, and there is nothing to show that there was any other thoroughfare in Bonham bearing the name Franklin.

Occupancy and ownership as stated in the affidavit may be looked to in determining whether the premises searched were those described in the affidavit and search warrant. Wood v. State, 156 Texas Cr. Rep. 419, 243 S.W. 2d 31; Crumpton v. State, 147 Texas Cr. Rep. 54, 178 S.W. 2d 273.

The trial court did not err in failing to exclude the evidence because the official designation of the street upon which the premises was located was Franklin Avenue rather than Franklin Street.

Appellant complains that the trial court should have given a charge on circumstantial evidence. He distinguished between the pint of whiskey found under the house and that found in the corner of the yard, and calls attention to the fact that there was not a sufficient quantity of whiskey found under the house to give rise to the statutory presumption that it was possessed for the purpose of sale.

The state did not rely upon circumstances such as a path leading to the whiskey in the corner of the yard, but on the undisputed evidence that appellant occupied the premises upon which all of the whiskey was found. It was upon his side of the fence, part of it in the corner of the yard and the remainder under the house. In the absence of evidence that some other person also occupied the premises, or had equal opportunity with appellant to have controlled or possessed the whiskey, the evidence was sufficient to show that appellant possessed the whiskey found in both places upon his premises, and to give rise to the presumption that it was possessed for sale.

The rule is thus stated in Brown v. State, 159 Texas Crim.

Rep. 95, 261 S.W. 2d 717: " . . . where possession alone is relied upon to show an intent to sell, the matter becomes subject to a charge on circumstantial evidence *provided* there are other persons relative to whom an outstanding hypothesis might arise as to the possession of the intoxicating liquor."

The evidence sustains the conviction and no reversible error appears.

The judgment is affirmed.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

We have again reviewed the evidence in the light of the Appellant's Bill of Exception No. 1, which preserves his exception to the failure of the trial court to charge on circumstantial evidence. This question has been the subject of myriad cases, and, of course, the facts are never identical. We think that the rule expressed in the original opinion is sound but doubt that we gave it proper application to the facts before us. The evidence in this case is meager and makes our task more difficult. These facts are pertinent: No intoxicants were found in appellant's house. Two half-pint bottles were found under the east side of the house, and the remainder were found under a bush in the northwest corner of the yard about five steps from the sidewalk and about fifteen or twenty steps from the northwest corner of the house. Were the appellant's house in a sparsely settled area, we would have no difficulty in overruling appellant's contention, but such is not the case before us. Appellant's home was situated in a Negro settlement on a narrow lot with houses close together. The intoxicants found under the bush were nearer the sidewalk than the house and were not of the same brand as those found under the house. It is not shown that there was a fence between the sidewalk and the bush. The record does not show that the appellant occupied the house in question alone, and we think that the facts hereinbefore recited show that there were others relative to whom an outstanding hypothesis might arise as to the possession of the intoxicating liquor.

Having concluded that the charge on circumstantial evidence should have been given, the appellant's motion for rehearing is granted; the judgment of affirmance is set aside; and the judgment is now reversed and the cause remanded.