## TRADERS & GENERAL INS. CO. v. GRANT.

### No. 5528.

Court of Civil Appeals of Texas. Texarkana.

Feb. 7, 1940.

Rehearing Denied Feb. 15, 1940.

Lightfoot, Robertson, Gano & Johnston, of Fort Worth, for appellant.

Aubery A. Wilson and Samuel C. Harris, both of Gladewater, for appellee.

JOHNSON, Chief Justice.

This suit was filed by appellee, Roy Grant, upon a policy of insurance issued to him by appellant, Traders & General In-

surance Company, on February 21, 1934, covering a certain Ford automobile described therein. The risks insured against included loss of the car by theft. A copy of the policy was attached to and made a part of the petition. The petition alleged that the car was stolen from plaintiff at Gladewater, Texas, on June 16, 1934; that its value was $600, for which plaintiff asked judgment, together with $100 attorney's fee, interest and costs. Walter Bennett, Inc., owned a series of purchase money notes against the automobile and intervened in the suit, and prayed for judgment against plaintiff and defendant for the amount of the notes. The case was tried to a jury on special issues. Upon the verdict of the jury the court rendered judgment in favor of the plaintiff against the defendant for $600 with interest at the rate of 10% per annum, from June 10, 1934, and the costs of suit; and judgment in favor of intervenor, Walter Bennett, Inc., against plaintiff for $270 with interest at the rate of 10% per annum from February 21, 1934, and an additional 10% on the amount due as attorney's fees. No recovery was awarded intervenor against the defendant. From the judgment in favor of the plaintiff against the defendant, the defendant has appealed.

Appellant complains of the action of the trial court in overruling its motion for an instructed verdict, based upon the terms of the policy and the uncontradicted evidence set out below. Appellant further contends that the trial court erred in overruling its motion for judgment, based upon the findings of the jury in response to special issue No. 2 set out below.

The terms of the policy referred to read as follows: "This policy does not cover * * * any loss, damage or expense while the automobile insured hereunder is operated, maintained or used * * * for the carrying of explosives not used in connection with the operation of the automobile or for other unusual, felonious, or extra hazardous purposes."

Plaintiff, Roy Grant, testified by deposition as follows:

"Q. What did you use the car for? A. Hauling—several different things.

"Q. Name some of the things you hauled in the car. A. At that time I was hauling whiskey out of Louisiana.

"Q. Hauling whiskey out of Louisiana? A. Yes.

"Q. For whom were you hauling the whiskey? A. Myself.

"Q. Were you selling whiskey in Gladewater at that time? A. Yes.

"Q. Did you have a license to deal in the sale of liquor? A. No."

He further testified that the car was parked in front of the Reno Hotel in Gladewater, Texas, between 8 and 9 o'clock, Sunday night, and that it did not have any whiskey in it, at the time it was stolen.

Special issue No. 2 and the jury's answer thereto read as follows: "Do you find from a preponderance of the evidence that the automobile in question was operated, maintained or used, at the time it was stolen (if you have found it was stolen) for the purpose of transporting whiskey? Answer Yes or No."

Jury's Answer: "Yes."

Article 666 of the Penal Code of this State (repealed by Acts of 1935, 44th Legislature, 2d Called Session, page 1795, Chapter 467, art. 1, § 49, Vernon's Ann.P.C. art. 666—49) which was in force at the time the automobile in question was stolen, made it an offense to transport any spirituous, vinous, or malt liquors or medicated bitters capable of producing intoxication. By Article 689, Penal Code, said offense was made a felony, punishable by confinement in a penitentiary for not less than one year and not more than five years. Courts take judicial recognizance of the fact that whiskey is an intoxicating liquor. Maxwell v. State, 121 Tex.Cr.R. 190, 51 S.W.2d 334.

We think that plaintiff's own statement admitting that the purpose for which he was using the automobile at the time it was stolen was that of hauling whiskey out of the State of Louisiana to Gladewater, Texas—a felony—shows that the purpose for which the automobile was being maintained and used was a "felonious purpose", within the clear meaning of that term as used in the policy. That the automobile was parked in front of the hotel and had no whiskey in it at the time did not alter, destroy or affect the purpose for which it was admittedly being used. Nor was such use shown in the testimony to be just an occasional use. To the contrary, there was no showing that the automobile was being used for any other purpose than as testified to by plaintiff, that he was using

it for the purpose of hauling whiskey from Louisiana to Gladewater, Texas.

The judgment of the trial court awarding plaintiff recovery against the defendant will be reversed and judgment here rendered that the plaintiff take nothing as against the defendant, and that plaintiff pay all costs of suit. The judgment in favor of Walter Bennett, Inc., against the plaintiff, Roy Grant, is not disturbed.